**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff<br><br>vs.<br><br>AGENTRA, LLC<br><br>          Defendant. | Case No.<br><br>COMPLAINT-CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Stewart Abramson ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

4.     Plaintiff alleges that Defendant Agentra, LLC ("Agentra") sent a pre-recorded telemarketing call to a cellular telephone number to Mr. Abramson for the purposes of advertising Agentra goods and services, which is prohibited by the TCPA.

5.     Because the calls to the Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

7.     Plaintiff Stewart Abramson is a Pennsylvania resident, and a resident of this District.

8.     Defendant Agentra, LLC is a Texas Corporation with its principal place of business in Dallas County, Texas. Agentra engages in telemarketing nationwide, including into this District.

**Jurisdiction & Venue**

9.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     The Defendant regularly engages in business in this District, including making telemarketing calls into this District, as it did with the Plaintiff.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were made to this District. Furthermore, venue is proper because a substantial part of

property that is the subject of the action is situated in this District; the Plaintiff's cellular telephone.

## TCPA and Automated Call Background

### The Telephone Consumer Protection Act

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order,

18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer:  (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf
> of a specific seller; and (2) having received this information, agrees unambiguously
> to receive such calls at a telephone number the consumer designates.[] In addition,
> the written agreement must be obtained "without requiring, directly or indirectly,
> that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

17.     Agentra provides health insurance contracts to consumers.

18.     Agentra uses telemarketing to promote its products and solicit new clients.

19.     In fact, Agentra has advertised the position of "Call Center Representative". *See*

https://www.glassdoor.com/job-listing/call-center-representative-fulltime-permanent-agentra-

JV_IC1139977_KO0,45_KE46,53.htm?jl=2703200450 (Last Visited April 25, 2018).

20.     Agentra's telemarketing efforts include the use of automated dialing equipment

and pre-recorded messages to send automated calls.

21.     Agentra engages in use of this equipment because it allows for thousands of

automated calls to be placed at one time, but its sales representatives, who are paid based on

sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore,

Agentra shifts the burden of wasted time onto consumers.

22.     On March 7, 2018, the Plaintiff received a pre-recorded telemarketing call on his cellular telephone number (412) 418-XXXX.

23.     This number had been on the National Do Not Call Registry for more than a year prior to the call.

24.     A pre-recorded message was left on the Plaintiff's voicemail that stated:

Hi this is Steve. I'm just calling you back about health insurance in your area. There's some great new plans where you live that we should definitely discuss. I assure you these plans will save you money and then still give you full coverage at the same time. So call me today at 915-245-4952. There's no need to wait for open enrollment to get a formal coverage any more. I specialize in your round insurance that most people do not even know about. Again my number is 915-245-4952. I look forward to hearing from you. Thanks.

25.     These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS") as that term is defined in 47 U.S.C. § 227(a)(1).

26.     In fact, the use of a pre-recorded message is itself indicative of an ATDS, as it would be illogical to hand-dial a telephone call only to play a pre-recorded sales message.

27.     In order to investigate the calling party, who wasn't fully identified in the pre-recorded message, the Plaintiff called back the number in the recorded message.

28.     During this call, the Plaintiff spoke with a "Karen Edwards", who identified herself as an employee of Agentra.

29.     Ms. Edwards also gave her company's phone number as 800-656-2204.

30.     800-656-2204 is the phone number for Agentra.

31.     Ms. Edwards then attempted to sell the Plaintiff Agentra goods and services.

32.     To further investigate, the Plaintiff also called the Caller ID number that was associated with the pre-recorded message call on his voicemail.

33.     The Caller ID number, 615-541-2112, was different than the telephone number left in the pre-recorded message.

34.     In fact, other individuals have complained about getting similar calls from that Caller ID number. *See e.g.* https://www.everycaller.com/phone-number/1-615-541-2112/ ("Health insurance scam") (Last Visited April 25, 2018).

35.     Through this phone call, the Plaintiff was offered Agentra goods and services.

36.     Prior to this unsolicited call, the Plaintiff has never done any business with Agentra.

37.     Agentra did not have the Plaintiff's prior express written consent to make these calls.

38.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

39.     Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

40.     In advance of the filing of this lawsuit, the Plaintiff wrote to Agentra to identify the basis for the calls and any alleged consent they had to contact him.

41.     Agentra did not respond.

**Class Action Statement Pursuant to LCvR 23**

42.     As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and Rule 23(A) of the Local Rules for the Western District of Pennsylvania, Plaintiff

brings this action on behalf of all other persons or entities similarly situated throughout the

United States.

43.    The class of persons Plaintiff proposes to represent include:

All persons within the United States to whom: (a) Agentra and/or a third party
acting on their behalf, made one or more non-emergency telephone calls; (b) that
could have promoted Agentra's products or services; (c) to their cellular telephone
number; (d) using an automatic telephone dialing system or an artificial or
prerecorded voice; and (e) at any time in the period that begins four years before
the date of the filing of this Complaint to trial.

44.    Excluded from the Class are the Defendant, any entities in which the Defendant

have a controlling interest, the Defendant's agents and employees, any Judge to whom this action

is assigned, and any member of the Judge's staff and immediate family.

45.    The proposed Class members are identifiable through phone records and phone

number databases, which are with the Defendant or their agents.

46.    The automated technology used to contact the Plaintiff is capable of contacting

hundreds of thousands of people a day, and so the potential Class members number in the

thousands, at least. Individual joinder of these persons is impracticable.

47.    Plaintiff is a member of the Class.

48.    There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

a.    Whether the Defendant used a pre-recorded message to make the calls at

issue;

b.    Whether the Defendant placed telemarketing calls without obtaining the

recipients' valid prior express written consent;

c.    Whether the Defendant's violations of the TCPA were negligent, willful, or

knowing; and

d.      Whether the Plaintiff and the class members are entitled to statutory

damages because of Defendant's actions.

49.     Plaintiff's claims are based on the same facts and legal theories as the claims of

all class members, and therefore are typical of the claims of class members, as the Plaintiff and

class members all received telephone calls through the same or similar dialing system and pre-

recorded message on a cellular telephone line.

50.     Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA

class actions.

51.     In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter

as a putative class action, as opposed to an individual claim.

52.     The actions of the Defendant are generally applicable to the Class and to Plaintiff.

53.     Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant and/or their agents.

54.     The likelihood that individual class members will prosecute separate actions is

remote due to the time and expense necessary to prosecute an individual case, and given the small

recoveries available through individual actions.

55.     Plaintiff is not aware of any litigation concerning this controversy already

commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA, 47 U.S.C. § 227(b)**

56.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS.

58.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

60.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed Class;

9

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related

entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,


Dated: May 8, 2018                By:   /s/ Clayton S. Morrow
                                  **Clayton S. Morrow, Esquire**
                                  Email: csm@consumerlaw365.com
                                  Morrow & Artim, PC
                                  304 Ross Street, 7th Floor
                                  Pittsburgh, PA 15219
                                  Telephone: (412) 209-0656

                                  Anthony Paronich
                                  Email:  anthony@broderick-law.com
                                  BRODERICK & PARONICH, P.C.
                                  99 High St., Suite 304
                                  Boston, Massachusetts  02110
                                  Telephone:  (508) 221-1510
                                  *Subject to Pro Hac Vice*