IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated*, )
                Plaintiffs, )
                                            )   Civil Action No. 18-615
vs )
AGENTRA, LLC, *et al.* )
                Defendants. )

## OPINION

Presently pending before the Court are two motions to dismiss the amended complaint, the first filed by Defendant Agentra, LLC ("Agentra") (ECF No. 21), and the second by Defendant Karen Marie Edwards ("Edwards") (ECF No. 27). For the reasons that follow, the Court will deny Agentra's motion and grant the motion brought by Edwards.

**Factual and Procedural History**

Plaintiff Stewart Abramson ("Abramson") is a resident of the Commonwealth of Pennsylvania (ECF No. 16, ¶ 7). At all times relative to this action, Abramson was physically present and residing in Pennsylvania (Id. at ¶¶ 28, 48). Agentra is a Texas corporation that provides health insurance contracts to consumers (Id. at ¶¶ 8, 22). Agentra uses telemarketing techniques for product promotion and client solicitation (Id. at ¶¶ 8, 23). These telemarketing efforts include the use of an automatic telephone dialing system (ATDS) and pre-recorded messages to send automated calls (Id. at ¶¶ 25, 31-32). Use of this technology is preferable because it allows for thousands of calls to be placed at one time, but sales representatives only speak with solicited individuals who respond (Id. at ¶ 26). According to Abramson, factors such as geographic distance

between the corporate entity and the solicited individual and use of a pre-recorded message are hallmarks of ATDS use for nationwide telemarketing campaigns (Id. at ¶¶ 31-32). To accomplish its telemarketing strategy, Agentra contracted with third-party providers, such as Xpert Insurance Services (Id. at ¶ 9).[1]

On March 7, 2018, Abramson received a pre-recorded telemarketing voicemail message on his cellphone (Id. at ¶ 27). Abramson's cellular telephone number carried a Pennsylvania area code, and had been listed on the National Do Not Call Registry for over a year prior to the call (Id. at ¶¶ 27-29). The message stated as follows.

> Hi this is Steve. I'm just calling you back about health insurance in your area. There's some great new plans where you live that we should definitely discuss. I assure you these plans will save you money and then still give you full coverage at the same time. So call me today at 915-245-4952. There's no need to wait for open enrollment to get a formal coverage any more. I specialize in your round insurance that most people do not even know about. Again my number is 915-245-4952. I look forward to hearing from you. Thanks.

(Id. at ¶ 30) (verbatim).

Abramson called the number provided in the message and reached Defendant Edwards, who identified herself as an employee of Agentra and provided Agentra's phone number (Id. at ¶ 34-36). Edwards attempted to sell Abramson Agentra goods and services (Id. at ¶ 37). Subsequently, Abramson received a follow-up email from Agentra (Id. at ¶ 38).

Abramson also called the number that appeared on his caller ID, which was different than the number left by "Steve" in the pre-recorded message, and spoke with Jason McLoed who offered him an Agentra-serviced healthcare plan (Id. at ¶ 39-40, 43).

---

[1] Although originally named as a defendant to this action, Abramson voluntarily dismissed his claims against Xpert by notice filed September 24, 2018 (ECF No. 30).

On May 11, 2018, Abramson received a pre-recorded telemarketing voicemail message at his residential number (Id. at 46-47). Abramson's residential number carried a Pennsylvania area code (Id. at ¶ 47). That message provided as follows.

> Hi, this is Ann. I'm calling to let you know that we have been granted a limited heath enrollment period for a few weeks, so you and your family can get a great insurance plan at the price you can afford, and we make it hassle free to sign up. We have preapprovals ready in your area, including Signa, Blue Cross, Etna, United, and many more. Press one to get a hassle-free assessment or press two to be placed on our do-not-call list. Thanks for your time and be healthy and blessed

(Id. at ¶ 49) (verbatim). Abramson accepted the call, during which time he was offered Agentra goods and services and was told that his "agent of record" would be Sean Duffie[2] (Id. at ¶¶ 50-53).

Prior to the 2018 phone calls, Abramson had done no business with Agentra, nor had he granted Agentra verbal or written permission to contact him at either number (Id. at ¶ 56-57).

On May 8, 2018, Abramson initiated this action by filing, on behalf of himself and of all others similarly situated, a complaint against Agentra and Edwards for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227 (ECF No. 1). Motions to dismiss were filed, following which Abramson filed an amended complaint (ECF No. 16). On August 3, 2018, Agentra filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ECF No. 21). On September 10, 2018, Edwards followed suit (ECF No. 27). Both motions have been fully briefed and are ready for disposition.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). (ECF Nos. 11, 20).

**Standard of Review**

---

[2] Duffie was also an original named defendant, but Abramson voluntarily dismissed all claims against him in the September 24, 2018 notice (ECF No. 30).

A. Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek dismissal of a complaint or any portion of a complaint for lack of personal jurisdiction over the defendant. In ruling on a Rule 12(b)(2) motion, "a court must accept the plaintiff's allegations as true and draw in the plaintiff's favor all reasonable inferences supported by the well-pleaded factual allegations." Arrington v. Colortyme, Inc., 972 F.Supp.2d 733, 739 (W.D.Pa. 2013) (citing Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 151 n. 1 (3d Cir. 1992)). The court need not limit the scope of its review to the pleadings and instead must consider affidavits and other competent evidence submitted by the parties. Patterson by Patterson v. F.B.I., 893 F.2d 595, 603–04 (3d Cir. 1990); Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n. 9 (3d Cir. 1984). Once the defendant raises a question of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); Metcalfe v. Renaissance Marine Inc., 566 F.3d 324, 330 (3d Cir. 2009).

B. Fed. R. Civ. P. 12(b)(6)

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); *see also, e.g.*, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court opinions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and, more recently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. With the Supreme Court instruction in mind, the Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize

when deciding a motion to dismiss for failure to state a claim. First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." Iqbal, 129 S.Ct. at 1950. That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, as Silla has filed her complaint *pro se*, we must liberally construe her pleadings, and we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir. 1999).

**Discussion**

The TCPA "was intended to combat, among other things, the proliferation of automated telemarketing calls (known as 'robocalls') to private residences, which Congress viewed as a nuisance and an invasion of privacy." Leyse v. Bank of Am. Nat. Ass'n, 804 F.3d 316, 322 (3d Cir. 2015) (citing Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012)). The statute provides a private cause of action for prohibited uses of automated telephone equipment. 47 U.S.C. § 227(b)(3). Specifically, the TCPA prohibits "any person within the United States" from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," or using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless such number was obtained through means proscribed in the Act. 47 U.S.C. § 227(b).

5

Although filed as separate motions, Defendants Agentra and Edwards raise identical arguments in support of dismissal (ECF No. 22, 28). First, Defendants allege that Abramson is unable to state a claim under the TCPA against Agentra or Edwards under a theory of either direct or vicarious liability (ECF No. 22, ¶¶ 9-22; ECF No. 28 ¶¶ 3, 8-16). Next, Defendants argue that Plaintiff has failed to establish this Court's personal jurisdiction over either Defendant and, in the case of Edwards, contend that exercising jurisdiction over her would violate due process (ECF No. 22, ¶¶ 23-39; ECF No. 28 ¶¶ 18-33.

A. <u>Claims Against Agentra</u>

Agentra begins by arguing that it cannot be directly liable for the alleged violations of the TCPA because it never placed an outgoing call to Abramson (ECF No. 22, ¶ 9). However, in its Rules and Regulations Implementing the TCPA, the Federal Communications Commission (FCC) explained that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." <u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C. Rcd. 559, 565 (2008); <u>see also</u> <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) ("Our rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. Calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.") (footnotes omitted). In his amended complaint, Abramson alleges that Agentra uses telemarketing to "promote its products and solicit new clients," advertised for the position of call center representative, and knowingly outsourced this role (ECF

No. 16, ¶¶ 23-26, 60-61). Accordingly, the allegations in the amended complaint, taken as true, are sufficient to establish a plausible claim of direct liability on the part of Agentra.

Similarly, Abramson's claims of vicarious liability survive Agentra's motion to dismiss. Agentra argues that no agency relationship existed between itself and its telemarketing contractor such that it can be held vicariously liable for the third-party's acts (Id. at ¶¶ 10-18). Specifically, Agentra maintains that the persons placing the call were "independent contractors" and argues that it "never had control over the business activities" of the independent contractors (Id. at ¶¶ 15-17). However, "while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." <u>In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules</u>, 28 F.C.C. Rcd. 6574, 6574 (2013). The Restatement provides that "an agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) Of Agency § 2.01 (2006). The allegations contained in the amended complaint establish that Agentra outsources its telemarketing and authorizes those third-parties to enter into contracts on its behalf (ECF No. 16, ¶¶ 74-75). Taken as true, these facts, at this juncture, state a plausible claim of vicarious liability, regardless of the job title Agentra assigns to the telemarketers with which it contracts.

Finally, Agentra argues that the amended complaint must be dismissed because this Court lacks personal jurisdiction. A federal district court may assert personal jurisdiction over a

No. 16, ¶¶ 23-26, 60-61). Accordingly, the allegations in the amended complaint, taken as true, are sufficient to establish a plausible claim of direct liability on the part of Agentra.

Similarly, Abramson's claims of vicarious liability survive Agentra's motion to dismiss. Agentra argues that no agency relationship existed between itself and its telemarketing contractor such that it can be held vicariously liable for the third-party's acts (Id. at ¶¶ 10-18). Specifically, Agentra maintains that the persons placing the call were "independent contractors" and argues that it "never had control over the business activities" of the independent contractors (Id. at ¶¶ 15-17). However, "while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." <u>In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules</u>, 28 F.C.C. Rcd. 6574, 6574 (2013). The Restatement provides that "an agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) Of Agency § 2.01 (2006). The allegations contained in the amended complaint establish that Agentra outsources its telemarketing and authorizes those third-parties to enter into contracts on its behalf (ECF No. 16, ¶¶ 74-75). Taken as true, these facts, at this juncture, state a plausible claim of vicarious liability, regardless of the job title Agentra assigns to the telemarketers with which it contracts.

Finally, Agentra argues that the amended complaint must be dismissed because this Court lacks personal jurisdiction. A federal district court may assert personal jurisdiction over a

nonresident, such as Agentra, to the extent authorized by the state's long-arm statute. Fed.R.Civ.P. 4(k); Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). Pennsylvania's long-arm statute provides for jurisdiction "to the fullest extent" permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa.C.S. § 5322(a)-(b). "The constitutional touchstone of the determination of whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in or purposely directed its activities toward residents of the forum state." Resnick v. Manfredy, 52 F. Supp. 2d 462, 466 (E.D. Pa. 1999) (quotation marks omitted).

There are two types of personal jurisdiction: general and specific. Abramson asserts the latter. "To establish specific jurisdiction, the plaintiff must prove: (1) the defendant has purposefully directed his activities at the forum; (2) the plaintiff's claim arises out of or relates to at least one of those specific activities, and (3) that the court's exercise of jurisdiction over the defendant comports with traditional notions of fair play and substantial justice." Marten, 499 F.3d at 296. This Court is mindful that "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.1996).

Abramson argues that he has satisfied his burden because he has sufficiently alleged that Agentra can be held liable for the conduct of the telemarketing companies with which it contracts (ECF No. 24, pg. 12). Further, Abramson directs this Court to decisions of other jurisdictions which have held that violations of the TCPA in the forum state are sufficient to confer specific jurisdiction over the defendant (Id. at 13-16). At this juncture it is reasonable to infer from the allegations in the amended complaint that Agentra purposefully aimed its conduct at Pennsylvania by contacting directly Abramson's Pennsylvania mobile and residential telephone numbers (ECF

No. 16, ¶¶ 27, 46-47). Clearly, Abramson's claims arise out of that activity. Next, this Court must consider whether a defendant's conduct is such that it reasonably should have foreseen being haled into court in the forum." See World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The Supreme Court has explained that

> [o]nce it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. Thus courts […] may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–77 (1985) (internal citations omitted).

Taking these factors into consideration, it is clear that Agentra, a Texas corporation, will bear some burden defending this suit in Pennsylvania. However, the allegations in the amended complaint establish that Agentra should reasonably be expected to be haled into this Court and that Abramson and Pennsylvania have a substantial interest in resolving this matter in this forum. Accordingly, weighing the factors set forth in Burger King, this Court's exercise of personal jurisdiction over Agentra appears presumptively reasonable. Thus, the Court concludes Agentra is subject to specific jurisdiction in this forum.

### B. Claims Against Edwards

With respect to Edwards, the Court notes that the TCPA applies to outgoing calls. 47 U.S.C.A. § 227(b). The allegations in the amended complaint do not support any inference that

Edwards placed any call to Abramson; rather, the well-pled allegations establish that Edwards was the customer service representative Abramson reached upon calling the number left in the first voicemail message (ECF No. 16, ¶¶ 33-35). Merely because Edwards answered Abramson's call does not, even at this stage in the pleadings, establish that she violated the TCPA. Accordingly, Abramson's claims against her must fail.

**Conclusion**

For the foregoing reasons, this Court will deny the motion to dismiss filed by Agentra, and grant the motion filed by Edwards. An appropriate order follows.


Dated: December 18, 2018                              /s/  *Robert C. Mitchell*

                                                                     ROBERT C. MITCHELL
                                                                     United States Magistrate Judge

Cc: record counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated*,
        Plaintiffs,

vs

AGENTRA, LLC, *et al.*
        Defendants.

Civil Action No. 18-615

## **ORDER**

AND NOW, to-wit, this 18ʰ day of December, 2018, for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that the Motion to Dismiss filed by Defendant Agentra (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that he Motion to Dismiss filed by Defendant Edwards (ECF No. 27) is GRANTED and all claims against Defendant Edwards are hereby dismissed.

/s/ *Robert C. Mitchell*
ROBERT C. MITCHELL
United States Magistrate Judge

Cc: record counsel via CM-ECF