## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON and JAMES
EVERETT SHELTON, individually and on
behalf of a class of all persons and entities
similarly situated,

              Plaintiff

vs.

AGENTRA, LLC, ANGELIC
MARKETING GROUP L.L.C., and
MATTHEW JONES

              Defendants.

Case No. 18-cv-615-PLD

COMPLAINT-CLASS ACTION

### PLAINTIFFS' MOTION TO COMPEL
### AGENTRA, LLC TO PROVIDE DISCOVERY RESPONSES

COME NOW the Plaintiffs, by and through their undersigned attorneys, and move the

Court for an order compelling defendant Agentra, LLC ("Agentra") to produce documents

responsive to certain Requests for Production served pursuant to Fed. R. Civ. P. 34.  In support

hereof, Plaintiffs state as follows:

### I.      Introduction

Agentra provides insurance services to consumers. To do so, it relies on telemarketing

using its agents and their third-party vendors. Plaintiffs alleges that Agentra, through their agents

and vendors, contacted them and a putative class of individuals they seek to represent using a

pre-recorded message on behalf of Agentra in violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"). In fact, as outlined in the Plaintiffs' previously filed

Motion to Amend his Complaint, Agentra has continued, through its agents, to engage the

services of vendors sending pre-recorded telemarketing calls despite the pendency of this lawsuit. *See* ECF No. 50 and 50-1.

## II.      Factual Allegations and Background

The Plaintiffs allege that they each received at least one pre-recorded phone call from Agentra agents, through their vendors, advertising health insurance services that resulted in Agentra being promoted. Calls placed using pre-recorded messages violate the TCPA when placed without prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)-(B).

Agentra does not have solicitation contact with the general public. Instead, it relies on third party agents, such as the co-defendants, and their vendors to place calls on their behalf. This litigation has focused on the conduct of two such vendors, Angelic Marketing Group L.L.C. and Health Advisors of America, Inc. Sean Duffie, who operates Duff Insurance Brokerage, Inc. was one of several Agentra agents believed to be working with Health Advisors of America, Inc.

Plaintiffs allege that Agentra is vicariously liable for the calls placed for their agents by Health Advisors of America, Inc. and Angelic Marketing Group L.L.C. Vicarious liability in TCPA cases may be shown under theories of classical agency, apparent authority, and ratification. *See In re Joint Petition Filed by Dish Network, LLC, et al. for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (2013); *see also Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254-55 (11th Cir. 2015).

## III.      Health Advisors of America and Duff Insurance Brokerage, Inc. are Sued by the Missouri Attorney General for Making Robocalls.

On March 5, 2019, during the pendency of this lawsuit, the Missouri Attorney General filed a lawsuit alleging that Health Advisors of America and Duff Insurance Brokerage, Inc.

violated Missouri law by making robocalls offering health insurance to Missouri residents who were on the Missouri No-Call List. The Missouri Attorney General's Office received 262 complaints statewide about the Defendants' practices. *See* https://www.westplainsdailyquill.net/free/article_1f832c40-985e-11e9-b7a8-77f64110e535.html (Last Visited September 24, 2019). Of course, this is the same conduct that the Plaintiffs are alleging that Agentra is vicariously liable for in this matter.

### IV.     Sean Duffie's Affidavit Relating to Agentra's Lack of TCPA Compliance

The Plaintiffs obtained an affidavit from Sean Duffie. In his affidavit, Mr. Duffie states:

- He formed Duff Insurance Brokerage, Inc. in August of 2017.
- On November 30, 2017, Mr. Duffie became authorized to sell Agentra products
- Mr. Duffie sold Agentra products from November 30, 2017 through December 30, 2018.
- One of the third-party lead brokers that provided live transfers (phone calls) was owned and controlled by John Spiller.
- Agentra did not have a robust telemarketing compliance policy.[1]

*See* Exhibit 1 at ¶¶ 3-7. After receiving this affidavit, the Plaintiffs issued a subpoena to Mr. Spiller's company, Rising Eagle Capital Group, LLC. *See* Exhibit 2, Affidavit of Anthony Paronich. at ¶ 4.

### V.     The Rising Eagle Subpoena Response Provides Records of Millions of Pre-Recorded Telemarketing Calls Made for Agentra without Consent.

In response to the subpoena, John Spiller of Rising Eagle Capital Group provided an affidavit which states:

- Rising Eagle used a proprietary dialer called 'Guaranteed Calls,' that Rising Eagle developed in-house to make the Calls.
- The business records attached to this Affidavit comprise all the records or other documents Rising Eagle has in its possession regarding calls or attempted calls made for or on behalf

---

[1] In fact, discovery in this action has confirmed that Agentra did not have any written telemarketing policy at all during the calls at issuing in this case.

of Scott Shapiro and Michael Smith of Health Advisors of America, Inc.  All records reflect calls made with Guaranteed Calls.

- To make the Calls, Rising Eagle received files containing numbers to be called from Scott Shapiro and Michael Smith. For each of those files, Rising Eagle created a calling campaign within Guaranteed Calls.
- After the campaign was created, a voice recording was set to the campaign with specific button-press options corresponding to directions in the recording.
- The campaign was then set to parameters defining the speed at which calls were made and, when initiated, the campaign commenced calling in accordance therewith.
- No other steps were taken to make the calls, and they dialed automatically in sequential order.

*See* Exhibit 3 at ¶¶ 5-10.

Mr. Spiller also provided a subpoena response that included records of over 10,000,000 automated and pre-recorded calls. *See* Exhibit 2 at ¶ 5. At no time in this litigation has Rising Eagle Capital Group, LLC, Agentra or Mr. Duffie claimed that these calls were made with the prior express consent of the called party. *Id.* at ¶ 6. However, the subpoena response does contain multiple e-mails where Mr. Spiller and Health Advisors of America discuss removing the phone numbers of individuals from the calling campaign that have previously filed a lawsuit alleging violations of the TCPA. *Id.* at ¶ 7. In other words, the parties acted with knowledge that their calling conduct ran afoul of the TCPA's provisions and took steps to try to mitigate the risk that they would be taken to account for those actions.

## VI.    Discovery Standard

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The scope of discovery is broad—parties may general obtain discovery regarding any matter which is relevant to the claims or defense of any party and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could

lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978).

The Supreme Court has long held that Plaintiffs are entitled to class discovery in putative class actions. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

### VII.    Procedural History

Plaintiffs served Agentra with the discovery requests at issue in August of 2019.  Agentra served its responses to the discovery requests on September 16 and September 18, 2019.  On August September 24, 2019, Plaintiffs' counsel outlined the deficiencies in Agentra's response and the parties conducted a telephonic meet and confer, but were unable to resolve the dispute.

### VIII.   The Discovery Requests at Issue

### A.  Documents Related to Vicarious Liability Issues

In compliance with LCvR 37.2, the discovery requests and responses at issue are below. A copy of the complete requests and responses are attached as Exhibit 3. Below are the two responses that the Plaintiffs are moving to compel:

Request No. 1:   All contracts or documents representing agreements regarding Scott Shapiro, CRS Marketing, or Health Advisors of America, Inc.

Response: Defendant objects to this Request as beyond the scope of discoverable information based on the current claims and parties. Defendant notes that Scott Shapiro, CRS Marketing, and Health Advisors of America, Inc. are all parties to *Moore v. Insurance Line One LLC et al.*, No. 19-cv-02948 (N.D. Ill. filed May 1, 2019).

**Request No. 3:**   All internal communications at your company regarding Scott Shapiro, CRS Marketing, or Health Advisors of America, Inc.

> **Response:** Defendant objects to this Interrogatory as beyond the scope of discoverable information based on the current claims and parties. Defendant notes that Scott Shapiro, CRS Marketing, and Health Advisors of America, Inc. are all parties to *Moore v. Insurance Line One LLC et al.*, No. 19-cv-02948 (N.D. Ill. filed May 1, 2019).

Agentra's agreement and communications about Mr. Shapiro, CRS Marketing and Health Advisors of America, Inc.[2] are highly relevant to the issue of vicarious liability because the communications will show the extent to which these entities are agents of Agentra, and the extent to which Agentra authorized the telemarketing calls at issue, controlled its agents' activities in the telemarketing campaign, and benefitted from the telemarketing campaign. This evidence is critical to the fact intensive inquiry necessary to resolve the question of vicarious liability. *See Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in a TCPA telemarketing case); *see also In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *20-23 (N.D. W.V. 2014) (granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing case); *Johansen v. Liberty Mut. Grp.*, 2017 U.S. Dist. LEXIS 200422, *5-11 (D. Mass. 2017) (same).

Agentra's objections are particularly hard to square with their agreement to produce correspondence with these entities in response to another request:

---

[2] As Mr. Spiller explains in his affidavit, Mr. Shapiro was his main contact at Health Advisors of America. The Plaintiffs included CRS Marketing, which is owned and operated by Mr. Shapiro, which also worked with Agentra agents related to lead generation. For purposes of this motion, the Plaintiffs will refer collectively to the entities of Health Advisors of America.

<u>Request No. 2:</u>   All communications with Scott Shapiro, CRS Marketing, or Health Advisors of America, Inc. regarding telemarketing or customer acquisition.

Response: Defendant will produce non-privileged documents responsive to this request to the extent they exist.

*See* <u>Exhibit 3</u>.[3]

Agentra makes two objections to the requests. First, the requests are highly relevant to the claims of the parties, as the Plaintiffs explained above. Mr. Shaprio, through Health Advisors of America, worked with Agentra agents, including Mr. Duffie, to make millions of pre-recorded calls to generate leads for new sales. Finally, the fact that the entities are all parties to a different litigation, which has been resolved and is no longer active, does not relate to Agentra's ability to produce the requested information or the parties relevance to this litigation.

### B.  Documents that Identify Putative Class Members

Agentra has also objected to providing information that will help identify putative class members:

<u>Request No. 1:</u>   Documents identifying all leads or customers provided to Agentra by Scott Shapiro, CRS Marketing, or Health Advisors of America, Inc.

Response: Defendant objects to this Interrogatory as beyond the scope of discoverable information based on the current claims and parties. Defendant notes that Scott Shapiro, CRS Marketing, and Health Advisors of America, Inc. are all parties to *Moore v. Insurance Line One LLC et al.*, No. 19-cv-02948 (N.D. Ill. filed May 1, 2019).

The production of classwide call records is routinely compelled in TCPA cases because "[o]utbound call lists are relevant to prove the merits of a TCPA claim, and also to establish the

---

[3] While none of these documents have been produced yet, the parties are conferring regarding the timing of the production.

numerosity and commonality requirements of Rule 23." *Bellenger v. Accounts Receivable Mgmt.*, 2019 U.S. Dist. LEXIS 153672, *15 (S.D. Fla. 2019), citing *Medina v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 186651 (S.D. Fla. 2017); *Martin  v. Global Mktg. Research Servs.*, 2015 U.S. Dist. LEXIS 140530, *9-13 (M.D. Fla. 2015) (compelling TCPA defendant to produce calls records because this "information is plainly relevant to class certification" and "significant to Plaintiffs' ability to establish the ascertainability, numerosity, commonality, and typicality requirements of class certification"); *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel, holding "the purpose of class discovery is to determine who constitutes the members of the class").[4]

Here, the Plaintiff has requested that Agentra produce the same information that has been produced with respect to the co-defendants, the identity of all leads or customers that came to Agentra as a result of the telemarketing conduct of their agent, through a vendor. These requests are also relevant to a vicarious liability analysis as they will identify the extent to which Agentra

---

[4] . *See also Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling in a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer); *Donnelly v. NCO Financial Sys.*, 263 F.R.D. 500, 504 (N.D. Ill. 2009) (ruling that "discovery aimed at ascertaining a potential class list is proper" and ordering Defendant to produce records of calls to class members in TCPA action); *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997, 2013 U.S. Dist. LEXIS 99582 at *6 (S.D. Cal. June 17, 2013) ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members."); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13cv1556,  2014 U.S. Dist. LEXIS 110162 at *5 (S.D. Cal. June 12, 2014) ("the outbound dial  list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *Golan v. Veritas Entm't, LLC*, 2016 U.S. Dist. LEXIS 138103, *6 (E.D. Mo. 2016) (TCPA case compelling "electronic list of all people illegally called by Defendants" because "the discovery requested is needed to determine issues of typicality and commonality in class certification"); *In re Collecto, Inc.*, 2016 U.S. Dist. LEXIS 92619, *4-5 (D. Mass. 2016); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 283-84, 286-88 (N.D. Cal. 2015).

benefitted from the robocalling conduct. Agentra makes the same two objections discussed by the Plaintiffs above, which should be overruled.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion to compel be granted and Agentra be ordered to provide all responsive documents within 7 days. A proposed Order is attached as <u>Exhibit 4</u>.

Plaintiff by his attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Dated: September 26, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
