IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON and JAMES )
EVERETT SHELTON, *individually and* )
*on behalf of a class of all persons and* )
*entities similarly situated*, )
                                                                  )
                       Plaintiffs, )
                                                               )    Civil Action No. 18-615
v. )
                                                                )
AGENTRA, LLC, ANGELIC )
MARKETING GROUP L.L.C. and )
MATTHEW JONES, )
                                                               )
                       Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs seeks to compel discovery responses from Defendant Agentra, LLC to three document requests that are identified in their Motion to Compel Agentra, LLC to Provide Discovery Responses. (ECF No. 93). For the reasons set forth herein, Plaintiffs' Motion to Compel will be granted in part and denied in part.

    1. <u>Request regarding contracts or agreements</u>

Plaintiffs first seek contracts or documents that represent agreements regarding Scott Shapiro, CRS Marketing or Health Advisors of America. (ECF No. 93 at 5). Agentra originally objected to this request on the ground that it was beyond the scope of discoverable information based upon the current claims and parties. (*Id.*). In its Response, Agentra has withdrawn its objection to this request as it relates to Mr. Shapiro and Health Advisors of America. (ECF No. 95 at 4 n.2). Thus, the only matter in dispute relates to CRS Marketing.

With respect to CRS Marketing, Plaintiffs state that it "is owned and operated by Mr. Shapiro, which also worked with Agentra agents related to lead generation." (ECF No. 93 at 6 n.2). Plaintiffs contend that their request is relevant to the issue of vicarious liability because the

requested documents will show the extent to which CRS Marketing is an agent of Agentra as well as the extent to which Agentra authorized telemarketing calls, controlled its activities and benefitted from them. (*Id.*). Agentra counters that Plaintiffs have not specified how CRS Marketing has any relevance to this action, including any facts to support that CRS Marketing made any calls or even uses a robodialer. (ECF No. 95 at 4).

While the Court agrees that Plaintiffs have not set forth additional facts regarding CRS Marketing beyond their contention that CRS Marketing worked with Agentra regarding lead generation, it notes that Agentra previously agreed to produce documents regarding CRS Marketing in response to a request for documents regarding "telemarketing or customer acquisition." (ECF No. 93 at 7). Therefore, the Court will permit discovery regarding the existence of any contracts or agreements with CRS Marketing because it may lead to evidence that supports Plaintiffs' contention that CRS Marketing worked with Agentra to generate leads. Whether CRS Marketing was, in fact, an agent of Agentra, or made authorized robodialing calls on behalf of Agentra remains in question at this point.

2. Request regarding internal communications

Plaintiffs also seek documents with respect to all internal communications regarding Mr. Shapiro, CRS Marketing or Health Advisors of America. (ECF No. 93 at 6). Agentra objects to this request on the grounds that the information sought is not relevant or alternatively, is not proportionate to the burden and expense that would be involved in producing these documents. (ECF No. 95 at 5).

The Court agrees that this request is overly broad and not proportionate to the needs of this case. Plaintiffs have or will obtain documents from Agentra related to telemarketing and customer acquisition as well as any agreements or contracts with these parties. Plaintiffs have not shown,

to date, that the production of "all internal communications" with these third parties is proportional to the needs of this case or that issues related to Agentra's alleged vicarious liability cannot be addressed by virtue of the documents that have been or will be produced. In the event that Plaintiffs conclude after subsequent document productions that production of these documents is required, they may seek further relief.

3. Request regarding leads or customers

Finally, Plaintiffs seek documents regarding all leads or customers provided to Agentra by Mr. Shapiro, CRS Marketing or Health Advisors of America. (ECF No. 93 at 7). They state that this discovery will assist in identifying putative class members and that Agentra has already produced responsive documents with respect to the co-defendants. (*Id.* at 7–8).

As Agentra points out in its Response, Plaintiffs' request is not limited to leads or customers who were acquired by robodialing conduct, but rather, would encompass all leads or customers, regardless of how they were acquired. (ECF No. 95 at 4). Agentra also objects to producing documents related to CRS Marketing on the basis of relevance. (*Id.* at 3).

Agentra suggests as a compromise that Plaintiffs first produce the business records obtained by subpoena from Rising Eagle, which comprise all records and documents in its possession regarding all calls or attempted calls made for or on behalf of Mr. Shapiro and Mr. Smith of Health Advisors of America. (*Id.* at 3–4) After receiving these documents, Agentra proposes that it will produce documents responsive to Plaintiffs' request, provided that the leads or customers match by telephone number with the business records produced by Rising Eagle. (*Id.* at 3). This will, according to Agentra, balance relevance against the needs of this case since customers or leads could also have been generated without a robocall and therefore, any such individuals are not appropriate class members. (*Id.* at 3–4).

3

The Court concludes that Agentra's suggested compromise is a good starting point for discovery related to this issue. With respect to CRS Marketing, the Court will deny Plaintiffs' request for production of documents without prejudice at this time. After the production and review of the documents, Plaintiffs may renew their motion as to this request generally, or with respect to CRS Marketing specifically, if warranted.

For these reasons, it is hereby **ORDERED** that Plaintiffs' Motion to Compel Agentra, LLC to Provide Discovery Responses (ECF No. 93) is granted in part and denied in part, as follows:

1. Agentra shall produce all contracts or documents representing agreements with Scott Shapiro, CRS Marketing or Health Advisors of America, Inc.;

2. Upon the production by Plaintiffs to Agentra of the business records obtained from Rising Eagle Capital Group, LLC, Agentra shall produce documents responsive to Plaintiffs' request for all leads or customers provided to Agentra by Scott Shapiro or Health Advisors of America, Inc., provided that the leads or customers match by telephone number with the documents produced by Rising Eagle; and

3. All other relief requested in Plaintiffs' Motion to Compel is denied.

In the event that any additional issue arises with respect to the present dispute or any other discovery dispute that cannot be resolved after the parties meet and confer, the parties shall jointly contact Mackenzie Eckenrode, the Court's Deputy Clerk, by email at Mackenzie_eckenrode@pawd.uscourts.gov and provide a brief description of the nature of the dispute. The Court will then schedule a telephone conference to discuss and resolve the dispute.

**SO ORDERED** this 10th day of October, 2019.

_____
PATRICIA L. DODGE
United States Magistrate Judge

Service by regular U.S. mail and electronic mail upon:

    Angelic Marketing Group, L.L.C.
    Matthew Jones, Owner
    200 S Virginia Street 8th Floor, No. 80393
    Reno, Nevada 89501
    Matt@angelicmarketinggroup.com

    Matthew Jones
    6457 Meadow Valley Lane
    Reno, Nevada 89519
    Matt@angelicmarketinggroup.com