IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES,<br><br>Defendants. | ) | Civil Action No. 18-615 |

**MEMORANDUM ORDER**

This class action relates to claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiffs allege that in violation of the TCPA, Defendants participated in making pre-recorded telemarketing calls to cellular telephone numbers for the purpose of advertising Defendant Agentra, LLC's ("Agentra") goods and services.

Presently pending before the Court is Plaintiffs' Motion to Enforce Class Action Settlement ("Motion") (ECF No. 117). For the reasons that follow, Plaintiffs' Motion will be granted.

## I. Relevant Procedural History

This action was commenced in 2018. During the course of this litigation, Plaintiffs voluntarily discontinued their claims against Defendants Xpert Insurance Services, Inc., Karen Edwards, Sean Duffie and Theresa Jones. While Defendants Angelic Marketing Group LLC and Matthew Jones were originally represented by counsel, their counsel ultimately withdrew. Since then, they have not been represented and have not participated in this action. To date, Plaintiffs have not requested the entry of a default against them.

The most recent scheduling order (ECF No. 101) extended a number of deadlines, including the deadlines for discovery and Plaintiffs' motion for class certification. On February 10, 2020, the parties filed a Joint Motion to Stay Deadlines to Submit Proposed Class Action Settlement (ECF 103) in which they requested that the Court stay all deadlines until March 2, 2020, to allow the parties to finalize a proposed class action settlement agreement and submit a motion for preliminary approval of that settlement. The Court granted this motion and subsequently conducted several telephone conferences with the parties regarding the status of settlement efforts.

On April 6, 2020, the parties filed a Joint Status Report Regarding Class Action Settlement in which they stated, in part, that "a class action settlement agreement is agreed upon and with their representative clients for signature." (ECF No. 110.) Defendant Agentra did not execute the settlement agreement, however, and after several additional status conferences regarding this issue, Plaintiffs filed the pending Motion which has been fully briefed. (ECF Nos. 116; 117.) In addition, an evidentiary hearing was held on June 9, 2020, at which time both parties had the opportunity to present evidence and make oral argument.

## II.     Relevant Factual Background

According to the submissions by the parties and the evidence presented at the hearing, Plaintiffs and Agentra participated in a mediation with a private mediator in December 2019. They were unable to resolve their differences at that time but continued their negotiations thereafter. According to Plaintiffs, they reached an oral settlement which, among other terms, would require Agentra to establish a fund of $275,000 from which payments would be made to class members and which would also be used to fund other matters such as administrative costs, service awards and attorneys' fees.

Thereafter, Plaintiffs' counsel provided a first draft of a written agreement, as well as other documents related to the settlement, to counsel for Agentra by email on February 7, 2020. (Exhibit 1.)[1] In this email, Plaintiffs' counsel attached a draft of the settlement agreement and requested certain information about the names and addresses of the class members. Thereafter, counsel exchanged email communication. In that exchange, counsel for Agentra made some "relatively minor redlines that I believe comply with the spirit of what we're going for here. This should give us the go ahead to notify the court confirming settlement even as we finalize the comments and specific names on the agent list." (Exhibit 2.) Counsel for Agentra also raised an issue about cy pres during their exchange and indicated that he was working on the list of agents who comprise the class. (*Id.*) Counsel for Plaintiffs responded to the cy pres issue. (*Id.*)

On April 6, 2020, counsel for Agentra provided the agent list to Plaintiffs' counsel. (Exhibit 3.) There was no further discussion or remaining issue raised by Agentra about cy pres at that time. (*Id.*) After receiving the list, counsel for Plaintiffs sent the "signature version" of the Settlement Agreement to Agentra's counsel. (*Id.*; ECF No. 115-1.) The same day, the parties filed a Joint Status Report Regarding Class Action Settlement in which they indicated that "**a class action settlement is agreed upon and with their respective clients for signature.**" (ECF No. 110 (emphasis added).) They further advised that they anticipated being able to file a motion for preliminary approval of the class action settlement within seven days. *Id.*

Ultimately, Agentra did not sign the Settlement Agreement. Although Agentra disputes that the parties reached a binding agreement, no evidence was presented to the Court that Agentra communicated any dispute about the terms of the "signature version" of the agreement that was sent to Agentra's counsel for signature or that any material matter remained in dispute.

[1] All exhibits referenced herein were introduced into evidence at the June 9, 2020 hearing.

## III. Standard of Review

The standard of review for a motion to enforce a settlement agreement is similar to the standard applicable to a motion for summary judgment. *Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir. 1991). Thus, in order to prevail on a motion to enforce a settlement, the movant must demonstrate that "there is no genuine issue of material fact and . . .the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A reviewing court should treat all of the nonmovant's assertions as true, and "when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." *Tiernan*, 923 F.2d at 1032. If material facts are in dispute as to the existence or terms of an agreement to settle, a court should not grant a motion to enforce a settlement agreement without holding an evidentiary hearing. *Id.* at 1031. By contrast, "no hearing is necessary where there is no dispute as to the existence of a settlement." *Id.* (citing *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988)).

## IV. Discussion

"It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein." *Fox v. Consol. Rail Corp.*, 739 F.2d 929, 932 (3d Cir. 1984) (citation omitted).

As held by the Court of Appeals for the Third Circuit, a voluntary agreement to settle a lawsuit is binding on the parties even outside the presence of the court and in the absence of a writing. *Green v. John H Leis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). In this case, the Court must determine if the parties reached an enforceable agreement regarding settlement of Plaintiffs' claims.

Settlement agreements are binding contracts and are construed in accordance with traditional principles of contract law. *Columbia Gas Systems, Inc. v. Enterprise Energy Corp.*, 50 F.3d 233, 238 (3d Cir. 1995); *In Re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000). "The parties' objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Construction Services, Inc. v. MDC Systems, Inc.*, 239 F. App'x 748, 751 (3d Cir. 2007). If a contract is clear and unambiguous, the parties' intent can be ascertained by the four corners of the document and can be interpreted as a matter of law. *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F. 2d 1001, 1011 (3d Cir. 1980).

The record in this matter reveals that there are no material facts in dispute regarding the existence or terms of an agreement to settle. As reflected in the exhibits introduced during the hearing, the parties engaged in negotiations which led to an oral agreement on the terms of a settlement. Plaintiffs' counsel then provided a detailed first draft of a written settlement agreement and counsel exchanged comments and information and suggested changes to that draft. According to the evidence presented at the hearing, the only issue of any substance related to an exchange in late March 2020 about cy pres. Beyond that exchange, which appears to have resolved the cy pres issue, there is no evidence that Agentra thereafter communicated that this was an unresolved matter. Indeed, ten days later, the same day that the final version was sent to Agentra for signature, the parties filed a joint report in which they expressly stated that a class action settlement had been agreed upon and was with their respective clients for signature.[2]

[2] The signature version of the agreement is attached to Plaintiffs' motion to enforce the settlement. (ECF No. 115-1.)

Thus, the uncontroverted evidence confirms that after reaching an oral agreement, the parties reduced their oral agreement to writing and addressed any remaining material issues. Indeed, the best evidence that a final agreement was reached is Agentra's express representation to that effect in the parties' Joint Report.

Agentra's contention that the settlement cannot be enforced because it did not sign the agreement is unavailing. Here, the parties agreed to the material terms of a written settlement agreement. Plaintiffs signed the document. The only remaining matter was the execution of the document by Agentra. In the absence of any evidence that suggests, let alone establishes, that there was any remaining dispute over a material term, Agentra's refusal to sign the agreement to which it agreed does not make the settlement unenforceable. *Green*, 436 F.2d at 390; *Kozierachi v. Perez*, No. 10-cv-7570, 2014 U. S. Dist. LEXIS 48308, at *9 (E.D. Pa. March 19, 2014).[3]

For these reasons, the Court finds that the parties entered into a binding and enforceable settlement agreement.

Therefore, this 20th day of August, 2020, it is ORDERED that Plaintiffs' Motion to Enforce the Class Action Settlement is GRANTED. Plaintiffs shall file a Motion for Preliminary Approval of the Settlement no later than September 3, 2020.

---

[3] While this issue was not raised by the parties, there is no evidence that counsel for Agentra did not have the express authority to agree to a settlement on behalf of Agentra. When an attorney agrees to a settlement on behalf of a client, a rebuttable presumption arises that he or she had the authority to do so. *Garabedian v. Al/states Eng'g Co., Div. of Al/states Design & Dev. Co.*, 811 F.2d 802, 803 (3d Cir. 1987).

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge