# **<u>Exhibit 1</u>**

**Error! Unknown document property name.**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiffs<br><br>vs.<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES<br><br>        Defendants. | Case No. 18-cv-615-PLD<br><br>COMPLAINT-CLASS ACTION |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this 6th day of April, 2020, by and between Plaintiffs Stewart Abramson and James Everett Shelton ("Plaintiffs"), and Defendant Agentra, LLC ("Settling Defendant") (the Plaintiffs and Settling Defendant collectively referred to herein as the "Parties").

WHEREAS, on May 8, 2018, Plaintiff Stewart Abramson filed a putative class action complaint in the United Stated District Court for the Western District of Pennsylvania against Settling Defendant alleging claims for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), which was assigned Case No. 2:18-cv-00615 (the "Litigation"); and

WHEREAS, on April 9, 2019, the Plaintiffs filed a Second Amended Complaint against the Settling Defendant and Angelic Marketing Group L.L.C. and Matthew Jones (collectively referred to herein as the "Non-Settling Defendants"); and

4823-3056-6565.9

DocuSign Envelope ID: 37516DBC-5A44-4B5D-9689-BCE28B4E38F9

WHEREAS, the Parties had a fair opportunity to conduct discovery related to the underlying facts of the Litigation; and

WHEREAS, Settling Defendant denies the Plaintiffs' allegations of unlawful or wrongful conduct and does not admit any liability associated with the Litigation; Settling Defendant has asserted various defenses and further denies that Plaintiffs or any putative class member suffered any injury or damage as a result of the conduct complained of herein; and

WHEREAS, the Parties have concluded, after carefully considering the applicable legal principles and all of the circumstances of this Litigation, that it would be in the best interests of the Parties and the Class (as defined below) to enter into this Agreement in order to avoid the risks and uncertainties of, and delays associated with, the continuation of the Litigation; and

WHEREAS, the Plaintiffs and Plaintiffs' counsel, on behalf of the Class, have agreed to have judgment entered pursuant to this Agreement without trial or adjudication of any issue of fact or law; and

WHEREAS, Settling Defendant has concluded, despite its denial of liability for the claims asserted in the Litigation and that it has good defenses thereto, that it is in Settling Defendant's best interests to enter into this Agreement to avoid further expense and burden, along with the distraction and uncertainty of continued Litigation; and

WHEREAS, this Agreement embodies all terms and conditions of the settlement (the "Settlement") between the Plaintiffs, both individually and on behalf of the Class, and Settling Defendant, subject to final approval of the Court; and

4823-3056-6565.9

WHEREAS, the Plaintiffs and Settling Defendant agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability, wrongdoing or injury by Settling Defendant;

WHEREAS, the Plaintiffs and Settling Defendant rely on the following exhibits attached to this Agreement: Exhibit 1 – the Preliminary Approval Order; Exhibit 2 – the Long Form Notice; Exhibit 3 – the Post Card Notice; Exhibit 4 – the Claim Form; and Exhibit 5 – the Final Approval Order. Exhibit 2, the Long Form Notice, and Exhibit 3, the Post Card Notice, shall be collectively referred to as "Class Notice."

NOW THEREFORE, it is agreed by the undersigned, on behalf of the Plaintiffs and the Class, as well as Settling Defendant, that the Case be settled and dismissed with prejudice, and without the award of any costs (except to the extent and on the basis set forth in this Agreement), subject to the approval of the Court, on the following terms and conditions:

1. **Plaintiffs; Class Counsel.**

   a. For purposes of this Agreement and the proceedings contemplated herein, the Parties stipulate and agree that the Named Plaintiffs shall be appointed to represent the Class and that the following attorney shall apply to be Class Counsel and shall be appointed to represent the Class:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>           -and-
> Clayton S. Morrow
> Morrow & Artim, PC
> 304 Ross Street, 7th Floor
> Pittsburgh, PA 15219

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9689-BCE28B4E38F9

       b.     The certification of a class for settlement purposes is made without prejudice to Settling Defendant's right to oppose class certification and/or to contest issues of liability, in the Litigation or any other action, should this Agreement be terminated for any reason, and is not to be construed as an admission that the Class or any other class, whether alleged in this Litigation or not, would be appropriately certified in the Litigation or in any other action.

**2.**      **Class.**

The Class (the "Class") is defined as follows:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza , Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

Detailed and specific data provided by Settling Defendant has identified the members of the class which includes approximately 15,000 unique individuals who fit within the Class definition.

**3.**      **Settlement Administrator.**

The parties have agreed to retain Kurtzman Carson Consultants, LLC ("KCC") to serve as the Settlement Administrator.

**4.**      **Settlement Consideration and Claims Process.** In full and final settlement of the claims of the Class, and in consideration for the release of the Released Claims, as defined in Section 5 below:

       a)     Settling Defendant shall pay the total amount of Two Hundred and Seventy-Five Thousand Dollars and No Cents ($275,000.00) (the "Settlement

4823-3056-6565.9

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9689-BCE28B4E33F9

Consideration"), from which cash to members of the Class who do not validly opt-out, notice, administrative costs, service awards, and attorney's fees, costs, and other expenses shall be paid.   More specifically, the Settlement Consideration shall be paid as follows:

(1)     Settling Defendant will pay the settlement within thirty (30) days of the opt-out deadline and receipt of payment information;

(2)     Administration costs will be paid from the settlement amount; and

(3)     Settling Defendant will provide a detailed Declaration setting forth its financial hardship as a condition of this Settlement Consideration amount. Named Plaintiffs and Class Counsel will not object to that Declaration being tendered to the Court as a Confidential filing to be maintained under seal.

(4)     To the extent not already in place, Settling Defendant agrees that it has taken additional steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice and those step(s) include, but are not limited to, the following:

* Implement enhanced TCPA compliance policies & procedures;

* Conduct commercially-reasonable due diligence on agents prior to engaging them and on a regular basis thereafter;

* Contractually require agent vendors to comply with all applicable laws, including the TCPA, when conducting lead generation activities on behalf of Settling Defendants; and

* Monitor and track consumer complaints to identify and remediate compliance concerns.

4823-3056-6565.9

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9680-BCE28B4E33F9

b)      As described in the Class Notice, any member of the Class who seeks distribution from the Class recovery as described in this Agreement must request and return a completed and signed claim form to the Settlement Administrator, postmarked before the claims deadline, to the address stated in the Class Notice. Any member of the Class who fails to timely return a completed and signed claim form by the claims deadline shall not be eligible to participate in any distribution from the Class recovery as described in this Agreement. Class members who timely return a valid completed claim form will receive distribution(s) from the Class recovery as described herein.

c)      The Settlement Administrator shall review all submitted claim forms to determine if such forms were signed, timely postmarked, and otherwise comply with any requirement set forth in this Agreement. The Settlement Administrator shall review all submitted claim forms to determine if the submitting person is eligible for distribution from the Class recovery under this Agreement by confirming that the submitting person's identity and/or information is reflected on the Class List. As necessary, the Settlement Administrator may contact such submitting persons to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Class recovery.

d)      The Settlement Administrator shall maintain records of all claim forms and all determinations of eligibility from and amount of distribution(s) of Class recovery to members of the Class and shall make those records available for review upon the reasonable request of Class Counsel or Settling Defendant's Counsel.

e)      As soon as practicable but no later than sixty (60) days after the effective date or such other date after the effective date as the Court may order, the Settlement Administrator shall pay from the settlement fund the Class recovery to all members of the Class who file a valid

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9689-BCE28B4E38F9

claim pursuant to this Agreement on a *pro rata* basis based on the number of valid claim forms received. Multiple subscribers and/or users of any unique telephone number shall be limited to a single recovery per call. A member of the Class shall be awarded one share. Each share shall permit a member of the Class to be paid, by a benefit check, a cash benefit equal to the net of the Class recovery divided by the total number of shares allocated to all Class members who filed a valid, timely claim form.

f) If any amounts remain in the settlement fund because any member of the Class fails to cash his/her/its benefit check, or such benefit check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining settlement fund to members of the Class who cashed their benefit check from the previous round of distribution on a *pro rata* basis, if doing so is administratively and economically feasible. In the event such distribution is not administratively and economically feasible, any remaining settlement funds shall be distributed to a cy-pres recipient, subject to Court approval,. The Parties propose that such funds be paid to the National Consumer Law Center.

5. **Release.**

In addition to the effect of any orders and final judgments entered in accordance with this Agreement, the Plaintiffs and any member of the Class who has not timely excluded himself or herself as provided below, and those claiming through them such as their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (individually, a "Releasing Party," and collectively, the "Releasing Parties"), whether or not that member of the Class objects to the Settlement, shall be bound by this Agreement and shall have recourse only to the benefits, rights and remedies provided hereunder. The Releasing Parties shall release

7

and forever discharge Settling Defendant, including its present and former officers, directors, stockholders, parent companies, subsidiary companies, affiliates, insurers, partners, employees, adjusters, agents, executors, administrators, predecessors, successors, and assigns for any actions taken by Settling Defendant or any individual or entity acting on its behalf (collectively, the "Released Parties") from any and all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known; (ii) claims arising under or relating to the TCPA or any similar state or federal law; (iii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law; and (iv) statutory or common law claims predicated upon and/or arising from the use by any or all of the Released Parties or by any vendor retained by the Released Parties of any "automatic telephone dialing system," and/or "artificial or prerecorded voice" (collectively, the "Released Rights"). The Release in this Section shall be included as part of any judgment, so that all Released Rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. This Release expressly excludes any non-settling defendants and their present and former officers, directors, stockholders, parent companies, subsidiary companies, affiliates, insurers, partners, employees, adjusters, agents, executors, administrators, predecessors, successors, and assigns

6.     **Notice to the Class.**

a)     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause Class Notice to be disseminated to all Persons in the Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs and expenses

4823-3056-6565.9

of Class Notice shall be deemed part of the Settlement Administrator's expenses to be exclusively paid from the Settlement Fund.

b)    Class Notice was developed in consultation with the Settlement Administrator and includes:

i.    *Mailed Notice.* Subject to the approval of the Court, within thirty (30) calendar days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause a singular Post Card Notice to be mailed first-class U.S. mail to the names and addresses associated with the telephone numbers of the Class, substantially in the form provided in Exhibit 3 hereto. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify updated address information for each person in the Class.

ii.    *Settlement Website.* Following entry of the Preliminary Approval Order, but prior to the date of the mailing of the Post Card Notice pursuant to this Agreement, the Settlement Administrator shall create, maintain, operate, and host a dedicated Settlement Website to assist in the administration of this Settlement. The Settlement Website shall provide persons in the Class access to copies of the operative complaint, this Agreement with all exhibits referenced herein, Class Notice, including, but not limited to, the Long Form Notice and Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

c)    **CAFA Notice**. Settling Defendant's counsel, through the Settlement Administrator, shall be responsible for serving the required CAFA Notice(s) within ten (10) calendar days after filing the motion seeking the Preliminary Approval Order. Class Counsel shall take all steps to ensure the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this Settlement Agreement.

d)    **Declaration of Compliance**. The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and

9

Settling Defendant's Counsel and filed with the Court no later than ten (10) calendar days prior to the Final Approval motion being filed.

e) **Best Notice Practicable.** The Parties agree that compliance with the procedures described are the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Class of the pendency of the Action, certification of the Class, terms of this Agreement, and the Final Approval Hearing.

7. <u>**Reasonable Best Efforts to Effectuate This Settlement.**</u>

Counsel for the Parties agree to recommend approval of this Agreement to the Court and to undertake commercially reasonable efforts, including undertaking all steps and efforts contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

8. <u>**Motion for Preliminary Approval of the Settlement.**</u>

As soon as practical after the execution of this Agreement, but in all events no later than March 2, 2020 (unless otherwise agreed to by the Parties), the Parties shall file with the Court a motion seeking preliminary approval of the Settlement reflected in this Agreement. Settling Defendant agrees to cooperate in obtaining a preliminary approval order, but that shall not be an admission by Settling Defendant that a class and/or relief would have been appropriate in the Litigation.

9. <u>**Notice to Class Members.**</u>

The Settling Defendant shall prepare a list of members of the Class to receive class notice (the "Class List"), including to the extent available the name and mailing address of each person in the Class. Upon or as soon as practicable following the entry of the preliminary

4823-3056-6565.9

approval order, but in no event later than ten (10) days prior to commencing notice to the Class, the Parties shall provide the Class List to the Settlement Administrator.

The Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator an attempt to identify current mailing addresses for individuals who are included in the Class List.

**10.** **Right and Effect of Members of the Class to Opt-Out.**

a)      The Class Notice shall contain information about how a member of the Class may opt-out of the Settlement (*i.e.,* a request to be excluded from the Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, telephone number the name and case number of the Action, a clear and unequivocal statement that the person wishes to be excluded from the Class, and the signature of such person or, in the case of a member of the Class who is deceased or incapacitated, the signature of the legally authorized representative of such person along with all of the indications set forth in this sentence. Class Counsel and Settling Defendant's Counsel shall be provided a copy of each opt-out received by the Settlement Administrator.

b)      The Class Notice shall contain information about how a member of the Class may object to the Settlement. A member of the Class may object to the Settlement by filing a written objection with the Court by the Objection/Exclusion Deadline, with a copy served on the Settlement Administrator, Class Counsel, and Settling Defendant's Counsel at the addresses provided in the Class Notice. The written objection must contain the following:

- the full name, address, telephone number, and signature of the objector;

- the specific reasons for the objecting person's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

11

DocuSign Envelope ID: 37516DBG-5A41-4B5B-9630-BGS2854E23E9

- the identity of all witnesses, including the witnesses' name and address, and a summary of such witnesses' proposed testimony who the objector may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objector may offer at the Final Approval Hearing; and

- a statement whether the objector and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing.

The parties shall have the right to depose or seek discovery from any objecting Class Member to assess whether the objector has standing to object.

11.    **Inquiries from Class Members.**

It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Class with respect to this Agreement and the Settlement, except to the extent that inquiries are directed to Class Counsel. The Settlement Administrator will work with counsel for the Parties to identify the most efficient procedure for responding to said inquiries.

12.    **Motion for Final Approval and Entry of Final Judgment.**

If the Court preliminarily approves the Settlement, the Parties shall submit a motion for final approval of the Settlement, including a memorandum in support of the motion, and shall seek entry of an order and final judgment in this Litigation within at least ten (10) days prior to the Final Approval Hearing.

13.    **Finality of Settlement.** The Settlement shall become final upon the occurrence of all of the following: (1) The Settlement is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure; (2) an order and final judgment of dismissal with prejudice is entered in the Litigation; and (3) the time for appeal from the entry of the order and final judgment has expired.

4823-3056-6565.9

14. **Disapproval, Cancellation, Termination or Nullification of Settlement.**

If the Court denies preliminary approval of this Agreement, or declines to finally approve the Settlement, or if the Court does not enter the final judgment in this Case in accordance with the terms of this Settlement Agreement, or if the Court enters the final judgment and appellate or other discretionary review is sought, and on such review, such final judgment is reversed, vacated or materially modified, or if the Settlement for any other reason does not become final in accordance with the terms of this Agreement, then the Settlement shall be terminated upon the election of all of the Plaintiffs or Settling Defendant, through their undersigned counsel.

15. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the members of the Class who do not timely request to be excluded, and of the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Named Plaintiffs and Class Counsel shall be binding upon all members of the Class.

16. **Integrated Agreement.** This Agreement contains the entire, complete, and integrated statement of each and every term and provision of the Settlement. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Agreement other than those expressly set forth in this Agreement. This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Litigation. This Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

17. **Choice of Law.** All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Pennsylvania without regard to its choice of law or conflict of laws principles that would require the application of the laws of another jurisdiction.

18. **Execution of Documents.** The Parties shall execute all documents and perform all acts reasonably necessary and proper to effectuate the terms of this Agreement. The execution of documents must take place prior to the date scheduled for the hearing on preliminary approval of this Agreement.

19. **Execution in Counterparts.** This Agreement may be executed in counterparts. E-mailed signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

4823-3056-6565.9

Dated:  April ___, 2020


**For Plaintiffs and the Class**:

*Stewart Abramson*
11D48E39C430417...

_____          Date: _____   4/6/2020
Stewart Abramson

*James Everett Shelton*
08415325EB744B2...

_____          Date: _____   4/6/2020
James Everett Shelton


**Class Counsel:**

*Anthony Paronich*
BE8BD1DACF1B4A7...

_____          Date: _____   4/6/2020
Anthony Paronich
PARONICH LAW, P.C.


**For Agentra, LLC:**

_____          Date: _____
Authorized Agent for Settling Defendant


15

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9630-BCC2854E23E9

# <u>Exhibit 1</u>

## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiffs<br><br>vs.<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES<br><br>        Defendants. | Case No. 18-cv-615-PLD<br><br>COMPLAINT-CLASS ACTION |

### PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Stewart Abramson and James Everett Shelton ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Agentra, LLC ("Settling Defendant") (the Plaintiff and Settling Defendant collectively referred to herein as the "Parties") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness, and finds that giving

notice is justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Class for purposes of judgment on the proposal.  The Court further finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

4.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza , Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

5.      The Court hereby appoints the Plaintiffs as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court appoints Anthony I. Paronich of Paronich Law, P.C. and Clayton S. Morrow of Morrow & Artim, PC as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      On [DATE] in Courtroom 9A of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final

approval of the Settlement embodied by the Agreement should be granted, and (ii) Class

Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff,

should be granted, and in what amount.  No later than [DATE], which is fourteen (14)

days prior to the Final Approval Hearing, Plaintiff must file papers in support of final

approval of the Settlement and respond to any written objections.  Defendants may (but

are not required to) file papers in support of final approval of the Settlement, so long as

they do so no later than [DATE].

8.      Pursuant to the Agreement, Kurtzman Carson Consultants LLC is hereby

appointed as Settlement Administrator, and shall be required to perform all the duties of

the Settlement Administrator as set forth in the Agreement and this Order.

9.      The Court approves the proposed notice plan for giving notice to the

Settlement Class directly (using post card notice for all ascertained addresses as outlined

in the Settlement Agreement).  The Class Notice, in form, method, and content, complies

with the requirements of Rule 23 and due process, and constitutes the best notice

practicable under the circumstances.  The Court hereby directs the Parties and the

Settlement Administrator to complete all aspects of the notice plan no later than [DATE],

in accordance with the terms of the Agreement.

10.      The Settlement Administrator will cause to be filed with the Court by no

later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, proof

that Notice was provided in accordance with the Agreement and this Preliminary

Approval Order, as well as proof that notice was provided to the appropriate State and

federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.      Settlement Class Members who wish to either object to the Settlement or

request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline

of [DATE], which are both forty-five (45) calendar days after the Settlement Notice Date.

Settlement Class Members may not both object and opt out.  If a Settlement Class Member

submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To submit a Claim, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Claim Deadline.  The Claim must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may make claims for any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual claim. Likewise, "mass" or "class" claims filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

13.     To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, telephone number, the name and case number of the Action, and must state in writing that he or she wishes to be excluded from the Settlement Class in this Action.  The Request for Exclusion must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class;

however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. Likewise, "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

14.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

15.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

16.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and submit a written Objection with the Settlement Administrator by the Objection Deadline.  In the written Objection, the Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of Agentra (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A

written objection must contain the actual written signature of the Settlement Class Member making the objection. The names of any objectors who affirmatively state in writing that they wish to use a pseudonym shall be held in strict confidence by Class Counsel and Counsel for Settling Defendant and shall not be disclosed on the public record without the objector's written permission. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. No Objection will be valid unless all of the information described above is included.  A Class Member may not both opt out of the Settlement Agreement and object.  If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

17.     Any Settlement Class Member who fails to timely submit a written objection to the Settlement Administrator and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action.  All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

18.     Any Settlement Class Member must file a Claim Form by 90 days after the

DocuSign Envelope ID: 37518DBG-5A41-4B5B-9630-BCS2894E23E9

Settlement Notice Date.

19.      Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20.      If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Settling Defendant or Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

21.      The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Settling Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

22.      Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and

DocuSign Envelope ID: 37516DBG-5A41-4B5B-9630-BGC2854E23F9

other exhibits that they jointly agree are reasonable and necessary. The Court reserves the

right to approve the Agreement with such modifications, if any, as may be agreed to by

the Parties without further notice to the members of the Class.

  23.  Accordingly, the following are the deadlines by which certain events must

occur:

| ACTION | DATE |
|---|---|
| Settlement Notice Date | 30 days after Preliminary Approval Order entered |
| Opt-Out and Objection Deadline | 90 days after the Settlement Notice Date |
| Deadline to Submit Claims | 90 days after Settlement Notice Date |
| Motion for Final Approval, Claims Administrator Declaration, and Response to Objections Due | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | [INSERT] |

  **IT IS SO ORDERED.**

Dated: _____    _____

                Hon. Patricia L. Dodge
                United States District Judge

# <u>**Exhibit 2**</u>

14823-3417-3865.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide $275,000 to pay Cash Awards to all called persons by certain agents of Agentra, LLC, or their vendors, that were sold an Agentra product at any time between May 8, 2014 to February 1, 2020 that were called on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days. We project that individual Cash Awards will total about $100.

- The Settlement resolves a lawsuit claiming that Defendant Agentra, LLC ("Agentra") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when certain of its agents and vendors made nonconsensual calls to cell phones or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days that resulted in a sale of Agentra goods and services.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBTAIN PAYMENT.** | Class Members must submit a claim for payment by [Date]. Otherwise, you will give up rights without an opportunity for a payment. |
| **EXCLUDE YOURSELF.** | If you ask to be excluded, you will get no payment. This allows you to pursue your own lawsuit at your expense against Agentra and other Released Parties about the legal claims in this case. |
| **OBJECT.** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING.** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**.................................................................................... **Page X**
1. Why did I get this notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .................................................................... **Page X**
5. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ................................ **Page X**
6. What does the Settlement provide?
7. How much will my payment be?

**HOW YOU GET A PAYMENT**........................................................................ **Page X**
8. How do I obtain or apply for a payment?
9. When would I receive my payment?
10. What am I giving up to receive a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................ **Page X**
11. How do I exclude myself from the Settlement?
12. If I don't exclude myself, can I sue Agentra for the same thing later?
13. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................... **Page X**
14. Do I have a lawyer in this case?
15. How will the lawyers and class representative be paid?

**OBJECTING TO THE SETTLEMENT**............................................................. **Page X**
16. How do I tell the Court that I do not like the Settlement?
17. What is the difference between objecting and excluding/opting-out?

**THE COURT'S FAIRNESS HEARING** .......................................................... **Page X**
18. When and where will the Court decide whether to approve the Settlement?
19. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................. **Page X**
20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................... **Page X**
21. How do I get more information?

## BASIC INFORMATION

| 1. | Why did I get a notice? |

If you received a notice in the mail, it is because records in the case indicate that you are a member of the proposed Settlement Class in this Action. Generally, this means that an Agentra agent, or one of their vendors, called your phone number to sell an Agentra product at any time between May 8, 2014 to February 1, 2020 on your cellular telephone or while you were on the National Do Not Call Registry for at least 30 days. If you are a member of the Settlement Class, then your rights will be affected under the proposed Settlement.

| 2. | What is this lawsuit about? |

Plaintiffs Stewart Abramson and James Everett Shelton, on behalf of themselves and a class of purportedly similarly situated people, allege that Defendant Agentra, LLC ("Agentra") and Defendants Angelic Marketing Group, L.L.C. and Matthew Jones (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making automated calls to cell phones offering the sale of an Agentra Product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days.

Agentra expressly denies that it did anything wrong or that this case is appropriate for treatment as a class action outside of the settlement context. Agentra generally denies the allegations in the lawsuit.

| 3. | Why is this a class action? |

In a class action, one or more people called Class Representatives (in this case, Plaintiff Heaton) sue on behalf of people who have similar claims. All these people are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. Judge Patricia L. Dodge. is in charge of this class action.

| 4. | Why is there a Settlement? |

The Court did not decide in favor of either side; both parties agreed to this Settlement instead of going to trial. That way, they avoid the significant cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement? |

The Settlement provides certain relief for the Settlement Class. The "Settlement Class" means the persons on the Class List. For self-identification purposes, the Class List may be described as:

Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza , Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

There are approximately unique phone numbers on the Class List.

If you received a notice in the mail, records indicate that you are a member of this Settlement Class. If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|----|-----------------------------------|

Agentra agreed to create a Settlement Fund of $275,000. This amount will be divided among all Settlement Class Members who send in a valid Claim Form, after the costs of notice and administration, attorney's fees and costs/expenses, and any incentive award to the Class Representative have been deducted.

| 7. | How much will my payment be? |
|----|------------------------------|

If the Settlement is approved as requested, it is estimated that each Class Member may receive approximately $100, but that amount could go up or down substantially based upon the number of valid claims and the Court's decision as to the monetary terms of the Settlement.

## HOW YOU GET A PAYMENT

| 8. | How do I obtain or apply for a payment? |
|----|----------------------------------------|

To obtain payment, you must send in a valid Claim Form to the Settlement Administrator, who will verify your claim. You can obtain a Claim Form online at www.XXXXXXXX.com or by calling the Settlement Administrator at 1-XXX-XXX-XXXX and requesting that a Claim Form be mailed to you. Read the instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than **[DATE]**. Alternatively, you may submit a claim online at www.XXXXXXXX.com, so long as it is submitted no later than **[DATE]**.

| 9. | When would I receive my payment? |
|----|----------------------------------|

- 7 -

Judge Dodge will hold a hearing on [**DATE**], to decide whether to approve the Settlement. Judge Dodge may approve the Settlement at the hearing or he may take some additional time to reach that decision, which may then be subject to an appeal to a higher court. It is always uncertain when such appeals can be resolved, and resolving them can take time, perhaps more than a year; hopefully much sooner. Please be patient.

| 10. | What am I giving up to receive a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Settlement Class. If you stay in the Class, then you cannot sue, continue to sue, or be part of any other lawsuit against Agentra, or any other Released Parties for similar claims that happened in the past. The exact release is available in the Settlement Agreement, which is posted at www.XXXXXXXXXXXXXX.com.

However, the Settlement's release generally provides that, upon the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class, and those claiming through them, shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

- "Released Parties" means Agentra, including its present and former officers, directors, stockholders, parent companies, subsidiary companies, affiliates, insurers, partners, employees, adjusters, agents, executors, administrators, predecessors, successors, and assigns.
- "Released Claims" means all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known; (ii) claims arising under or relating to the TCPA or any similar state or federal law; (iii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law; and (iv) statutory or common law claims predicated upon and/or arising from the use by any or all of the Released Parties or by any vendor retained by the Released Parties of any "automatic telephone dialing system," and/or "artificial or prerecorded voice".

It also means that all of the Court's orders will apply to you and legally bind you. This is true whether or not you submit a Claim Form, although you won't get any money unless you submit a Claim Form. If you were to file your own lawsuit with regard to the claims at issue, you could potentially recover between $500 and $1,500 per violation plus injunctive relief under the Telephone Consumer Protection Act. However, in that case, Agentra would assert any and all defenses available to it in such a suit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Agentra on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement – also referred to as opting out of the Class.

34823-3417-3865.1

DocuSign Envelope ID: 37516DBG-5A41-4B5B-9630-BGS2854E23F9

| **11.** | **How do I exclude myself from the Settlement?** |

To exclude yourself from the Settlement, you must send a letter that states you want to be excluded from the Settlement Class in *Abramson, et. al. v. Agentra, LLC, et. al.*, Civil Action No. 18-cv-615-PLD (W.D. PA.). Be sure to include your full name, address, and telephone number. The exclusion request must also include your signature or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. **You must mail your exclusion request postmarked no later than [DATE]**, to:

Agentra TCPA Settlement Administrator
P.O. Box XXXXX
[City, ST ZIP]

If you ask to be excluded, you will not get any Cash Award, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Agentra and any other Released Parties in the future.

| **12.** | **If I don't exclude myself, can I sue Agentra for the same thing later?** |

No. Unless you exclude yourself, you give up any right to sue Agentra and related companies and other Released Parties for the claims that this Settlement resolves. If you have a pending lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **[DATE]**.

| **13.** | **If I exclude myself, can I get money from this Settlement?** |

No. If you exclude yourself, you cannot receive money from this Settlement. But, if you exclude yourself from this Settlement, you may sue, continue to sue, or be part of a different lawsuit against Agentra and other Released Parties based on the legal issues in this case.

**THE LAWYERS REPRESENTING YOU**

| **14.** | **Do I have a lawyer in this case?** |

The Court appointed Anthony I. Paronich of Paronich Law, P.C. and Clayton Morrow of Morrow & Artim, P.C. to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers; they will be compensated as part of the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers and class representative be paid?** |

Class Counsel will ask the Court to approve payment of up to one-third of the total Settlement Fund,

- 7 -

or $91,666.66, in attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also seek their out-of-pocket costs expended in association with this matter (estimated to be no more than $11,250), and an award of $5,000 to each Plaintiff for their services as Class Representatives. The Court may award less than these amounts.  Agentra has not taken any position as to these anticipated award requests. These payments, along with the costs of administering the Settlement, will be deducted from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 16. | How do I tell the Court that I do not like the Settlement? |
| --- | --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Settlement Administrator, saying that you object to the proposed Settlement in *Abramson, et. al. v. Agentra, LLC, et. al.*, Civil Action No. 18-cv-615-PLD (W.D. PA.).  You must include each of the following:  (1) your full name, address, telephone number, and the telephone number(s) called by or on behalf of Agentra (if different), (2) whether the objection applies only to you, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact information for any counsel representing you in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, whom you may call to testify at the Final Approval Hearing, along with the description and production of copies of all evidence you may offer at the Final Approval Hearing, and (6) whether you and/or your attorney intend to appear at the Final Approval Hearing.  The objection must also include your actual written signature. **Your objection to the Settlement must be postmarked no later than [DATE].**

The objection must be sent to:

By Mail:

> Agentra TCPA Settlement Administrator
> P.O. Box XXXXX
> [City, ST ZIP]
>
> *Settlement Administrator*

Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **[DATE]**, and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

DocuSign Envelope ID: 37516DBC-5A41-4B5D-9630-BCC28B4E23E9

| 17. | What is the difference between objecting and excluding/opting-out? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class. Excluding yourself or "opting out" is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FAIRNESS HEARING

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at [TIME], on [DATE], at Courtroom 9A, 700 Grant St., Pittsburgh, PA 15219. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, costs/expenses, and incentive award as described above, and in what amounts. If there are objections, the Court will consider them.

At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense. To keep track of what is happening in the settlement proceedings, please regularly visit www.XXXXXXXXXXXXX.com. Court documents and updates will be posted at that site.

| 19. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you send a letter to the Settlement Administrator saying that you object to the proposed Settlement and that you intend to appear (either on your own behalf or through counsel) at the Final Approval Hearing in *Abramson, et. al. v. Agentra, LLC, et. al.*, Civil Action No. 18-cv-615-PLD (W.D. PA.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and, if applicable, the full name, address and telephone number of your counsel. Objection requirements are more fully described in Paragraph 16, above. **Your letter must be postmarked no later than [DATE].** You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|---|---|

If you do nothing, then you will not receive a payment. To receive a payment, you must submit a Claim Form. Unless you exclude yourself, you cannot start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Agentra about the legal issues in this case, ever again.

34823-3417-3865.1

## GETTING MORE INFORMATION

| 21. | How do I get more information? |
|---|---|

This notice summarizes the proposed Settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Agentra TCPA Settlement Administrator, P.O. Box XXXXX, [City, ST ZIP], or by visiting www.XXXXXXXXXX.com.

You can call 1-XXX-XXX-XXXX, toll-free; write to Agentra TCPA Settlement Administrator, P.O. Box XXXXX, [City, ST ZIP]; or visit www. XXXXXXXXXX.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

- 7 -

DocuSign Envelope ID: 37516DBG-5A41-4B5D-9630-BGC2854E23E9

# **<u>Exhibit 3</u>**

DocuSign Envelope ID: 37516DBG-5A41-4B5B-9630-BGS2854E23E9

Claim#: AHU-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

## LEGAL NOTICE
*Abramson. et. al. v. Agentra, LLC*
No. 2:18-cv-615 (W.D. PA.)

<u>A class action settlement</u> has been proposed in this lawsuit pending in the U.S. District Court for the Western District of Pennsylvania ("Court").

<u>This case claims</u> that Defendant Agentra, LLC ("Agentra") and Defendants Angelic Marketing Group, L.L.C. and Matthew Jones (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA") by making automated calls to cell phones offering the sale of an Agentra product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days. Agentra denies that it did anything wrong. **YOU ARE RECEIVING THIS NOTICE BECAUSE OUR RECORDS INDICATE THAT YOU ARE A CLASS MEMBER ENTITLED TO MONEY UNDER A PROPOSED CLASS ACTION SETTLEMENT.**

**<u>Who Is Included?</u>** If you received this notice, records in the Action indicate that you are a member of the Settlement Class. The "Settlement Class" means all called persons by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza , Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

**<u>Summary of the Settlement:</u>** Agentra agreed to establish a Settlement Fund of $275,000 to pay Class Members who make valid and timely claims or for whom a valid mailing address can otherwise be located; pay any incentive award to the Class Representative; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiffs will request up to $5,000 each as an incentive award, and up to $91,666.66 in attorneys' fees, plus costs (not anticipated to exceed $11,250). Any remaining monies from uncashed settlement checks may be redistributed or paid to National Consumer Law Center.

**<u>Can I Get Money from the Settlement?</u>** Yes, all members of the Class who file a valid claim will receive a *pro rata* Cash Award. Class Members who received calls on more than one phone number may receive one Cash Award per phone number called. Class Counsel estimate that the amount of the Cash Award may be about $100.00.

DocuSign Envelope ID: 37516DBG-5A41-4B5D-9630-BGC2894E23E9

**Do I Have a Lawyer?** Yes. The Court appointed Anthony I. Paronich of Paronich Law, P.C. and Clayton Morrow of Morrow & Artim, P.C. as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire.

**What Should I Do?** Class Members who are mailed this Notice have three options: (1) **Submit a Claim.** To file a claim, you must request and return a completed and signed claim form to [Settlement Administrator]. All Class Members who make valid and timely claims will be mailed a Cash Award by check from the Settlement Fund. You will be legally bound by all orders and judgments of the Court, and you will not be able to sue or continue to sue Agentra about the legal claims resolved by this Settlement. This includes giving up the right to sue separately for between $500 and $1,500 per violation plus injunctive relief under the TCPA. (2) Remain a Class Member but **Object to the Settlement**. Instructions for objecting are available at www.xxxxxxxxxxxxxxxxxx.com. Objections and supporting documents must be sent to the Settlement Administrator by [DATE]. You may pay for and be represented by a lawyer who may send the objection for you. (3) **Exclude yourself from the Settlement Class** by mailing a request to the Settlement Administrator. You must state in writing your name, address, telephone number, and that you want to be excluded from the Settlement Class in *Abramson, et. al. v. Agentra, LLC, et. al.*, Civil Action No. 18-cv-615-PLD (W.D. PA.). Exclusions must be signed and postmarked no later than [DATE].

**Scheduled Hearing:** The judge scheduled a hearing for [time] on [date], at Courtroom 9A, 700 Grant St., Pittsburgh, PA 15219, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**This is a summary notice only; for more information: Visit: www.xxxxxxxxxxxxxxxxxx.com; Call: 1-XXX-XXX-XXXX; or write to: Agentra TCPA Settlement Administrator, P.O. Box XXXXX, [City, State ZIP].**

DocuSign Envelope ID: 37516DBC-5A41-4B5B-9630-BCC2854E23E9

# **<u>Exhibit 4</u>**

DocuSign Envelope ID: 37516DBG-5A41-4B5D-9630-BGC2894E23E9

**Claim Form**

***Abramson, et. al. v. Agentra, LLC, et. al.*, Civil Action No. 18-cv-615-PLD (W.D. PA.)**

### CONTACT INFORMATION

First Name: _____   Middle Initial: _____   Last Name: _____

Street Address 1: _____

Street Address 2: _____

City: _____   State: _____   Zip Code: _____

Current Phone Number: _____

Current E-mail (if available): _____

### APPLICABLE PHONE NUMBER

Phone Number to Which You Received a Call: _____

(Your phone number must be listed in our records as one of the phone numbers that was called as part of calls that resulted in the sale of an Agentra, LLC product and included as part of the Settlement. If you were called on more than one phone number, or are not certain which of your phone numbers was called, you may submit each of them separately.)

### CERTIFICATION

By signing below, I certify that I was the subscriber or user of the above phone number received at least one automated call to it that offered the sale of an Agentra, LLC product, and that at the time, either: (1) the telephone number was assigned to a cellular telephone service, or (2) I was on the National Do Not Call Registry for at least 30 days.

Dated: _____

_____
Your Signature

**Please submit your completed claim form, postmarked no later than [date] to:**
**Agentra TCPA Settlement, c/o [Claims Administrator], P.O. Box XXXXX, [City, State  ZIP]**

# **<u>Exhibit 5</u>**

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiffs<br><br>vs.<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES<br><br>          Defendants. | Case No. 18-cv-615-PLD<br><br>COMPLAINT-CLASS ACTION |

## <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

The Court having held a Final Approval Hearing on ⬛⬛⬛⬛⬛⬛, notice of the Final

Approval Hearing having been duly given in accordance with this Court's Preliminary Approval

Order, and having considered all matters submitted to it at the Final Approval Hearing and

otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing

therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Settlement Agreement, including its exhibits (the "Settlement Agreement"),

and the definition of words and terms contained therein are incorporated by reference in this Order.

The terms of this Court's Preliminary Approval Order are also incorporated by reference in this

Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the

Parties, including all members of the following Settlement Class certified for settlement purposes

in this Court's Preliminary Approval Order:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza , Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party)

DocuSign Envelope ID: 37516DBG-5A41-4B5B-9630-BGS2854E23E9

regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

3.     The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiffs and the Settling Defendants.

4.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

6.     This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.     A total of _____ Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

8.     The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

9.        The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Class Counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement Agreement treats Class Members equitably relative to each other.

10.       This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

11.       Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

12.       Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

13.       The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by MVA, or of the truth of any of the claims asserted by Plaintiff Heaton in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14.       If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement

Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

15.     The Court grants Class Counsel's application for fees and costs, and awards $_____ in attorneys' fees and $_____ in costs. The Court finds these amounts appropriate, fair, and reasonable. The Court awards $_____ as an incentive award for Plaintiffs and finds this amount fair and reasonable. The incentive award is to be treated as Misc. Income No. 3 on any 1099 Form issued to the Plaintiffs.

16.     Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

17.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____        _____
                              Hon. Patricia L. Dodge
                              United States District Judge