# <u>Exhibit 3</u>

4826-3616-3753.1

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>               Plaintiffs<br><br>vs.<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES<br><br>               Defendants. |

Case No. 18-cv-615-PLD

COMPLAINT-CLASS ACTION

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Stewart Abramson and James Everett Shelton ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Agentra, LLC ("Settling Defendant") (the Plaintiff and Settling Defendant collectively referred to herein as the "Parties") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness, and finds that giving

notice is justified by the Parties' showing that the Court will likely be able to: (i) approve

the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Class for purposes of

judgment on the proposal.  The Court further finds there is cause to believe that: (i) the

Agreement is fair, reasonable, and adequate, and within the range of possible approval;

(ii) the Agreement has been negotiated in good faith at arms' length between experienced

attorneys familiar with the legal and factual issues of this case; and (iii) with respect to

the forms of notice of the material terms of the Agreement to Settlement Class Members

for their consideration and reaction, that notice is appropriate and warranted.  Therefore,

the Court grants preliminary approval of the Settlement.

4.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules

of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the

following Settlement Class:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils,
> Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza ,
> Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-
> Baptiste, or Theresa Jones (or on behalf of any individual Agent,
> whether by a downline sub-agent, vendor, or other third party)
> regarding the sale of a product offered by Agentra at any time
> between May 8, 2014 to February 1, 2020 that were contacted on
> a cellular telephone or while they were on the National Do Not
> Call Registry for at least 30 days.

5.      The Court hereby appoints the Plaintiffs as Class Representatives of the

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court appoints Anthony I. Paronich of Paronich Law, P.C. and

Clayton S. Morrow of Morrow & Artim, PC as Class Counsel, pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

7.      On [DATE] in Courtroom 9A of the Joseph F. Weis, Jr.

U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, or at such other date and time

later set by Court Order, this Court will hold a Final Approval Hearing on the fairness,

adequacy and reasonableness of the Agreement and to determine whether (i) final

approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount.  No later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than [DATE].

8.      Pursuant to the Agreement, Kurtzman Carson Consultants LLC is hereby appointed as Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

9.      The Court approves the proposed notice plan for giving notice to the Settlement Class directly (using post card notice for all ascertained addresses as outlined in the Settlement Agreement).  The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan no later than [DATE], in accordance with the terms of the Agreement.

10.      The Settlement Administrator will cause to be filed with the Court by no later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.      Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of [DATE], which are both forty-five (45) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member

submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To submit a Claim, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Claim Deadline.  The Claim must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may make claims for any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual claim. Likewise, "mass" or "class" claims filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

13.     To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, telephone number, the name and case number of the Action, and must state in writing that he or she wishes to be excluded from the Settlement Class in this Action.  The Request for Exclusion must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class;

however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. Likewise, "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

14.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

15.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

16.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and submit a written Objection with the Settlement Administrator by the Objection Deadline.  In the written Objection, the Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of Agentra (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A

written objection must contain the actual written signature of the Settlement Class Member making the objection. The names of any objectors who affirmatively state in writing that they wish to use a pseudonym shall be held in strict confidence by Class Counsel and Counsel for Settling Defendant and shall not be disclosed on the public record without the objector's written permission. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. No Objection will be valid unless all of the information described above is included.  A Class Member may not both opt out of the Settlement Agreement and object.  If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

17.     Any Settlement Class Member who fails to timely submit a written objection to the Settlement Administrator and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action.  All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

18.     Any Settlement Class Member must file a Claim Form by 90 days after the

Settlement Notice Date.

19.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Settling Defendant or Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

21.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Settling Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

22.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and

other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the

right to approve the Agreement with such modifications, if any, as may be agreed to by

the Parties without further notice to the members of the Class.

23.     Accordingly, the following are the deadlines by which certain events must

occur:

| ACTION | DATE |
|---|---|
| Settlement Notice Date | 30 days after Preliminary Approval Order entered |
| Opt-Out and Objection Deadline | 90 days after the Settlement Notice Date |
| Deadline to Submit Claims | 90 days after Settlement Notice Date |
| Motion for Final Approval, Claims Administrator Declaration, and Response to Objections Due | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | [INSERT] |

**IT IS SO ORDERED.**

Dated:  _____            _____
                                                        Hon. Patricia L. Dodge
                                                        United States District Judge