**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiffs

vs.

AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES

Defendants.

Case No. 18-cv-615-RCM

COMPLAINT-CLASS ACTION

**DEFENDANT AGENTRA, LLC'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO ABBOUD'S MOTION TO INTERVENE**

Defendant Agentra, LLC ("Agentra") hereby files this brief in support of its Response to Plaintiff-Intervenor Monica Abboud's ("Abboud") Motion to Intervene and to Modify Protective Order [Dkt. 128] ("Motion") and would respectfully show as follows:

## INTRODUCTION

Over two years into this litigation (and almost one year after being made aware of it), Abboud belatedly seeks to intervene in this action in a transparent attempt to secure a share of the proposed settlement. This untimely and unwarranted request would serve only the interests of Abboud and her attorneys, while causing significant prejudice to the parties.

As set forth below, Abboud's Motion should be denied for untimeliness, Abboud, has the remedy of opting-out of the settlement, and because the existing Plaintiffs adequately represent her interests.

## ARGUMENT

**A. Abboud is not entitled to intervene as a matter of right under Rule 24(a)(2).**

FED. R. CIV. P. 24(a)(2) authorizes a party to intervene as of right if it can establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). Failure to establish any single requirement precludes intervention. *See id*.

"In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005). Thus, Agentra's Response addresses only the first and fourth requirement.

**1. The intervention request is untimely.**

"Timeliness of an intervention request is determined by the totality of the circumstances. Among the factors to be considered are: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Id*. (citations omitted).

In the Third Circuit, although filing a motion to intervene "within the opt-out period creates a presumption of timeliness," this presumption is not dispositive—establishing timeliness always requires consideration of the totality of the circumstances. *Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 544 (M.D. Pa. 2016) (citing *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314) (the Third Circuit "never concluded that this presumption alone may establish timeliness, nor did it conclude that the presumption may not be rebutted when taking into account the totality of circumstances."); *see also Rescigno v. Statoil USA Onshore Props. Inc.*, No. CV 3:16-85, 2020 WL 3830931, at *5 (M.D. Pa. July 8, 2020) ("Thus, in light of the prejudice to the parties and class

members … the court finds that, despite having filed the motion to intervene within the opt-out period, Intervenors' motion to intervene is nevertheless untimely under the totality of the circumstances.")

An "essential aspect of the timeliness analysis" impacting the final factor (reason for delay) "is when the intervenor became aware of the action." *Brennan.*, 314 F.R.D. at 544. "Specifically, when analyzing timeliness in this context, the delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." *Id*. (citing *Benjamin v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012)).

Here, Abboud admits she was aware of the present action for nearly a year, since January 15, 2020. Mot.[1] at 2. In *Brennan*, the Middle District of Pennsylvania found a motion to intervene was untimely when the intervenors waited "over a year" before filing. *Brennan*, 314 F.R.D. at 544-45. And just like the intervenor in *Brennan*, Abboud seeks to intervene "during the final stages of a lengthy class action litigation, after preliminary approval of settlement, and just prior to the final approval hearing" despite providing "no justification for [her] delay." *Id*.; *see* Mot. at 6-7 (relying on timing relative to the deadlines in this matter in support of timeliness, without providing justification for delay).

In addition, the present case especially justifies finding untimeliness because *Brennan* found untimeliness *without* even considering prejudice to the existing parties. *Brennan*, 314 F.R.D. at 544-45 ("plaintiffs and defendants have failed to demonstrate precisely how the delay in this case would potentially prejudice any of the class members or parties").

In contrast, substantial prejudice will result here if Abboud intervenes and delays the

[1] All citations to Mot. are to Abboud's brief in support of her motion [Dkt. 129].

proceedings. In a factually similar case—a TCPA class action litigation which reached a proposed settlement after mediation and two years of litigation—the court found the delay of resolution caused by intervention would prejudice the original parties. *See Buchanan v. Sirius XM Radio, Inc.*, No. 3:17-CV-0728-D, 2019 WL 4054930, at *6 (N.D. Tex. Aug. 28, 2019). And outside of the TCPA context, courts in the Third Circuit reach the same conclusion.[2]

Ultimately, this Court should reach the same conclusion as the Middle District did in *Brennan* and find this Motion untimely.

**2. The existing parties adequately represent Abboud's interests.**

Even if this Court finds the Motion timely, intervention as of right should still be denied because the existing parties adequately represent Abboud's interests.

Where, as here, the "party seeking intervention is a class member and has the same objective as parties to the suit, there is a presumption of adequate representation." *Brennan*, 314 F.R.D. at 545 (M.D. Pa. 2016). To overcome this presumption, Abboud "must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 315.

Abboud cannot do so, because her only argument here is by insinuating a "reverse auction" took place. Mot. at 8-9 ("In addition to seemingly engaging in a reverse auction ..."). But Abboud throws this severe accusation around too casually and without evidence given that "[r]everse auctions require 'mendacity' and 'underhanded activity.'" *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005-06 (8th Cir. 2020). A reverse auction is "the practice whereby the defendant in a series

[2] *See, e.g.*, *Rescigno*, 2020 WL 3830931 at *5 (denying intervention due to prejudice to class members); *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, No. 3:13-2289, 2014 WL 4955259, at *4 (M.D. Pa. 2014) (declining to grant intervention since "it would certainly prejudice the adjudication of the rights of the original parties, all of whom seek to settle the instant litigation," because intervention "would add unnecessary complexities that could cause undue delay in the resolution of th[e] case"); *In re Safeguard Scientifics*, 220 F.R.D. 43, 47 (E.D. Pa. 2004) (holding the parties would be prejudiced by further delay in the proceedings and the additional attorneys' fees and legal expenses if an untimely motion to intervene were granted).

of class actions picks the most ineffectual class lawyers to negotiate a settlement within the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 308 (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282–83 (7th Cir. 2002)).

No support exists that Agentra somehow "pick[ed]" Plaintiffs' lawyers to negotiate "a weak settlement." Plaintiffs were the first to bring suit regarding this presumptive class and this case has been zealously litigated by the parties since May 2018. And perhaps the strongest evidence against this reverse auction allegation is Agentra's initial opposition of the settlement itself. Agentra disputed that the parties even reached a settlement from the outset, requiring Plaintiffs to move to enforce the proposed settlement agreement. [*See* Dkt. 115.] Agentra submits that the docket in this mater undermines any insinuation of collusion or that Agentra otherwise received the benefit of a weak settlement.

The Third Circuit also emphasized that evidence of a reverse auction comes in the form of "red-carpet treatment on [attorney's] fees." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 308 (quoting *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991)). Here, the proposed attorneys' fees—one-third of the proposed $275,000.00 settlement, or $91,666.66—demonstrates that the fees allocated to Plaintiffs' counsel is standard and far from red-carpet treatment. [Dkt. 120-1 at 33.]

Finally, further rebutting Abboud's insinuation of a reverse auction or other collusive activity is the declaration of Bruce Friedman, the mediator in this matter, stating that the existing parties negotiated in good faith and at arm's length. *See* Ex. 1, Friedman Decl. Such mediator observations of the negotiations have been relied on in support of denying requests to intervene. *See Demchak*, 2014 WL 4955259, at *7.

At bottom, Abboud cannot simply "float[] out the specter of a reverse auction," without more, to torpedo a settlement reached after two years of hard fought litigation. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008); *see also id*. at 1100 (accepting accusations of a reverse auction without evidence leads "to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions—none of the competing cases could settle without being accused by another of participating in a collusive reverse auction.") (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002)).

In sum, the present Motion represents the exact scenario cautioned against by the Third Circuit: "To be clear, we are in no way suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 315.

**B. Abboud is not entitled to permissively intervene under Rule 24(b).**

For permissive intervention under Rule 24(b), the "proposed intervenor must show that: (1) its motion is timely; (2) it has questions of law or fact in common with the pending action; and (3) intervention will not cause undue delay or prejudice for the original parties." *Brennan*, 314 F.R.D. at 547. If the proposed intervenor satisfies all three requirements, "the court may, in its discretion, grant that third party permissive intervention." *Id*.

"Even where the requirements of Rule 24(b) are met however, unlike under Rule 24(a), the court is given the ultimate discretion as to whether to allow permissive intervention. The exercise of such discretion is highly fact-specific." *Id.*

As before, the Response only contests timeliness (*see*, *supra*, Section A.1) and prejudice for the original parties (*see*, *supra*, *id*. at p. 4), for the same reasons set forth above.

**C. Abboud should not be allowed to modify the protective order or conduct discovery.**

Abboud also requests she be allowed to "review financial documents received by Plaintiffs" and that the Court "permit Abboud's counsel to engage in discovery" if, in Abboud's judgment, Plaintiffs did not engage in adequate discovery. Mot. at 12.

Both requests should be denied. "Discovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances." *Demchak Partners Ltd.*, 2014 WL 4955259, at *6. It is "well established that objectors are not entitled to discovery concerning settlement negotiations absent evidence from other sources indicating that the settlement may be collusive." *Id*. "Generally, courts presume the absence of fraud or collusion in negotiating a settlement, unless evidence to the contrary is offered." *Id.*

Here, as set forth above in Agentra's arguments for adequate representation, not only did Abboud fail to provide any factual support supporting her insinuation of a reverse auction or some other sort of collusion, the evidence before the Court instead confirms the arm's length nature of the proposed settlement. *See*, *supra*, Section A.2.

**CONCLUSION**

Abboud's untimely putative intervention, by which she intends to interfere with the orderly disposition of this case is unwarranted. In pursuing intervention, it is clear that Abboud seeks, impermissibly, to elevate her own financial interests above those of the class. Agentra respectfully request that this Court deny Abboud's Motion in its entirety.

Dated: November 12, 2020

Respectfully submitted,

*/s/ William S. Richmond*
William S. Richmond
Texas Bar. No 2406680
PLATT CHEEMA RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700
Facsimile: (214) 559-4390
Email: brichmond@pcrfirm.com
*Admitted Pro Hac Vice*

-and-

Robert B. Cottington
Pennsylvania Bar No. PA51164
COHEN & GRISBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 297-4677
Facsimile: (412) 209-1096
Email: rcottington@cohenlaw.com

**COUNSEL FOR DEFENDANT AGENTRA, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel for Agentra does certify that he served this pleading on all counsel of record by electronic filing on November 12, 2020 through the CM/ECF system.

*/s/ William S. Richmond*