IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>AGENTRA, LLC, ANGELIC MARKETING GROUP L.L.C., and MATTHEW JONES, )<br><br>Defendants. ) | Civil Action No. 18-615 |

## MEMORANDUM OPINION

In this class action lawsuit, Plaintiffs Stewart Abramson and James Everett Shelton ("Plaintiffs") allege that Defendants Agentra, LLC ("Agentra"), Angelic Marketing Group LLC, and Matthew Jones violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by making pre-recorded telemarketing calls to cellular telephone numbers for the purpose of advertising Agentra's goods and services.[1] Since January 2019, Monica Abboud ("Abboud") has been litigating a separate class action lawsuit against Agentra in the Northern District of Texas. (*Abboud v. Agentra, LLC*, 3:19-cv-00120-X (N.D. Tex.) ("*Abboud* case")). While Plaintiffs' allegations are limited to unsolicited calls with pre-recorded messages, Abboud alleges receipt of both calls and texts from Agentra in her lawsuit. (ECF No. 128-1 (Complaint in the *Abboud* case).)

---

[1] Although the initial complaint was filed in May 2018, the operative pleading in this lawsuit is the Second Amended Complaint which was filed in April 2019. (ECF No. 56.) In June 2019, Plaintiffs voluntarily discontinued their claims against Defendants Karen Marie Edwards and Theresa Jones. (ECF No. 75.) While defendants Angelic Marketing Group LLC and Matthew Jones were originally represented by counsel, their counsel ultimately withdrew. (ECF No. 84.) Since then, they have not participated in this lawsuit. Plaintiffs have not requested the entry of a default against them.

Abboud has now moved to intervene in this lawsuit. (ECF No. 128.) Plaintiffs and Agentra oppose her intervention. (ECF Nos. 135, 136, 137.) For the reasons below, Abboud's motion will be granted.

## I. Background[2]

In January 2020, Agentra's counsel informed Abboud's counsel of Plaintiffs' lawsuit.[3] (Peluso Decl. at ¶ 3.) Shortly thereafter, Abboud's counsel made multiple attempts to communicate with Plaintiffs' counsel to discuss any potential overlap between their cases, but all such efforts were unsuccessful. (*Id.* ¶ 4.) Later in the month, Abboud and Agentra participated in a mediation with Bruce Friedman ("Friedman"). (*Id.* ¶ 5.) At that time, Abboud became aware that Friedman had previously conducted a mediation with Plaintiffs and Agentra but no settlement was reached. (*Id.* ¶ 6.) Prior to the Abboud mediation, Abboud's counsel expressed his concern to Friedman that, given Agentra's late disclosure of its negotiations with Plaintiffs' counsel in this lawsuit, Agentra may be attempting an impermissible reverse auction.[4] (*Id.* ¶ 7.) During the mediation, Agentra produced certain financial documents which Abboud and her counsel deemed insufficient to make a fair evaluation of Agentra's financial position. (*Id.* ¶ 8.) Ultimately, the mediation between Abboud and Agentra was unsuccessful, and no settlement was reached. (*Id.* ¶ 9.)

---

[2] In support of her motion, Abboud has submitted the declaration of her counsel Patrick H. Peluso. (ECF No. 128-2 ("Peluso Decl."). In response, Agentra has provided the declaration of Bruce Friedman who mediated settlement negotiations in both the *Abboud* case and this lawsuit. (ECF No. 136-1 ("Friedman Decl.").) Similarly, Plaintiffs have appended the declaration of their counsel Anthony Paronich to their response. (ECF No. 137-1 ("Paronich Decl.").) For the most part, Plaintiffs and Agentra do not dispute the facts set out in the Peluso Declaration.

[3] Although, Abboud and her counsel claim that this was the first time that they became aware of this lawsuit (Peluso Decl. at ¶ 3), Plaintiffs' counsel represents that Abboud's counsel had previously contacted him and his co-counsel regarding Abboud's claim in November 2018. (Paronich Decl. ¶ 3.)

[4] *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 308 (3d Cir. 2005) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282–83 (7th Cir. 2002)).

In March 2020, Abboud filed a motion to certify two classes in her lawsuit: a "text class" of consumers who received texts from Agentra's internal "CRM" system, and an "agent class" of consumers who were called by the same two agents that called her—Health Care Enrollment Center ("HCEC") and Life and Health Insurance Services ("LHIS"). (ECF No. 128-3 (Motion for Class Certification in the *Abboud* case) at 7–8.) HCEC is associated with Jake Gabbard, and LHIS is a company run by Jason Espinoza. (*Id.* at 4.)

A month after Abboud filed her motion for class certification, Plaintiffs and Agentra informed the Court that they had reached a class action settlement agreement. (ECF No. 110.) For the next several months, however, the parties disputed whether they had entered into a final enforceable agreement. (ECF Nos. 115, 116, 117). The Court resolved that dispute in Plaintiffs' favor on August 20, 2020. (ECF No. 119.) That same day, Plaintiffs moved for preliminary approval of the agreed upon settlement ("Settlement"). (ECF No. 120.) Their motion indicated that the Settlement would create a fund of $275,000, and sought provisional certification of the following settlement class:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza, Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

(*Id.* at 3.)

In an order dated September 4, 2020, the Court preliminarily approved the Settlement and Plaintiffs' proposed settlement class ("Settlement Class"). (ECF No. 121.) Ten days later, the District Court for the Northern District of Texas certified Abboud's "text" and "agent" classes. (ECF No. 128-4 (Class Certification Order in the *Abboud* case) at 10.) On October 6, 2020, this

Court extended the class notice deadline to October 26, 2020, and the opt-out, objection, and claim submission deadline to December 24, 2020. (ECF No. 125.)

Abboud filed the instant motion two days after the class notice deadline. She seeks to intervene either as of right under Rule 24(a) of the Federal Rules of Civil Procedure or alternatively, for permissive intervention under Rule 24(b). Fed. R. Civ. P. 24. Additionally, Abboud requests the Court to modify the protective order between Plaintiffs and Agentra (ECF No. 42) and designate her as a "qualified person" under the terms of that order (*id.* ¶ 6) so that she may evaluate the fairness of the Settlement.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 24, a court must permit any party to intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). For intervention under Rule 24(a) to be proper, the moving party must satisfy four elements: (1) timely application; (2) sufficient interest in the litigation; (3) threat that the interest will be impaired or affected by the disposition of the case; and (4) inadequate representation of the prospective intervenor's interest by existing parties. *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018).

Alternatively, a party may request permissive intervention if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The same timeliness inquiry that applies to Rule 24(a) applications applies equally to applications under Rule 24(b), *Wallach v. Eaton Corporation*, 837 F.3d 356, 371 (3d Cir. 2016), but "courts have broader discretion in making a determination about whether permissive intervention is

appropriate as opposed to intervention as of right." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014). In exercising that discretion, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. Discussion

There is no question that the preliminarily approved Settlement Class would subsume the "agent class" which has been certified in the *Abboud* case. Additionally, because it is not limited to unsolicited calls with pre-recorded messages, Abboud contends that the Settlement reached in this lawsuit extends well beyond the nature of the calls alleged by Plaintiffs in this case. She suspects that value of the settlement is insufficient to redress the injuries suffered by the consumers—including herself and her impacted class—now encompassed in the Settlement Class. Therefore, she seeks to intervene and to modify the protective order in this lawsuit so that she may evaluate any financial documents supporting the Settlement.

As previously referenced, Abboud must establish four factors in order to intervene in this lawsuit as a matter of right. With respect to the second and third elements, i.e., sufficient interest in the litigation and the threat that this interest will be impaired or affected by the disposition of the case, the Third Circuit has explained that in the class action context, these two elements of this "inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). Accordingly, the Court's analysis focuses on the first and fourth elements.

### A. Timeliness of Abboud's Application

The Third Circuit has instructed district courts making a Rule 24 timeliness inquiry to consider "the totality of the circumstances arising from three factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'" *Wallach*, 837 F.3d at 371 (quoting *In re Cmty. Bank*, 418 F.3d at 314). The Third Circuit has also adopted "a presumption of timeliness for intervention motions filed by purported class members . . . where the class has been certified and before the court-appointed opt-out deadline has passed . . ." *Id* at 372 (citing *In re Cmty. Bank*, 418 F.3d at 314). However, that presumption "may be rebutted by a contrary determination under the totality of the factors described above." *Id*.

Here, Abboud moved to intervene approximately two months before the deadline for her to opt out or object to the Settlement. Therefore, the presumption of timeliness applies to her application. Plaintiff and Agentra contend that the presumption is rebutted because Abboud should have acted sooner—presumably as soon her counsel learned of this lawsuit.[5] But they fail to explain why knowledge of this lawsuit's existence should have prompted intervention. Indeed, class actions are designed to avoid the need for class members to become parties.

In any event, it is well established that "[t]o the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *Wallach*, 837 F.3d at 375–76 (quoting *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994)). The earliest Abboud could have appreciated such a risk is when this Court granted preliminary approval to the Settlement and provisionally certified the Settlement Class that

---

[5] The parties dispute whether Abboud's counsel learned of this lawsuit in January 2019 or November 2018. (*See supra* n.4.)

subsumed her "agent class." She moved to intervene less than two months after that date. This is not enough to rebut the presumption of timeliness with respect to her application.

Plaintiff and Agentra also assert, without any elaboration, that they will suffer substantial prejudice if Abboud intervenes and delays the proceedings. While the Court recognizes that "the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved," *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995), the Third Circuit has cautioned courts "to maintain 'a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Wallach*, 837 F.3d at 371–72 (quoting *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012)). In light of this guidance, and mindful of its role "as a fiduciary for absent class members," *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 257 (3d Cir. 2009), the Court finds that the totality of the timeliness factors weighs in favor of granting Abboud's motion to intervene and does not rebut the presumption of timeliness.

### B. Adequacy of representation

The Third Circuit has explained that "an applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicant's interests." *Commonwealth*, 888 F.3d at 60 (quoting *United States v. Territory of the Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014)). "This burden is generally 'treated as minimal' and requires the applicant to show 'that representation of his interest "*may be*" inadequate.'" *Id.* (quoting *Mountain Top*, 72 F.3d at 368). Notwithstanding that minimal burden, a rebuttable presumption of adequacy applies "[w]hen the

party seeking intervention has the same ultimate objective as a party to the suit." *In re Cmty. Bank*, 418 F.3d at 315 (quoting *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir.1976)).

Because this is a settlement-only class action, the Court did not undertake an independent inquiry into the adequacy of the Plaintiffs and class counsel's representation as part of the class certification procedure. Fed. R. Civ. P. 23(a)(4). Therefore, with the filing of Abboud's motion to intervene, the Court was presented with the issue of class counsel's adequacy of representation and the specter of a reverse auction as matters of first impression.

While there is no evidence of any collusive activity, Abboud suggests that the timing and the breath of the Settlement Class may warrant further scrutiny. The parties informed the Court that they had reached the Settlement, a month after Abboud had moved to certify her classes. Abboud's "agent class"—which has since been certified—is applicable to the companies of Jason Espinoza and Jake Gabbard. Plaintiffs did not allege receipt of calls from these agents, yet both have been included in the Settlement Class release. Additionally, the Settlement Class extends to "all persons contacted" by such agents, even though Plaintiffs allegations are limited to calls with pre-recorded messages. It appears therefore, that the Settlement Class extends to calls and texts as alleged in the *Abboud* case.

The Court hastens to add that it has no doubt that the Plaintiffs and Agentra negotiated in good faith and at arm's length. Having been apprised of the overlap between this lawsuit and the *Abboud* case, however, the Court finds that Abboud has demonstrated that the representation of her interests may be inadequate. Because Abboud's application is timely and the representation of

her interests may be inadequate, the Court concludes that she is entitled to intervene in this lawsuit as of right.[6]

### C. Modification of the protective order

Abboud's stated objective in seeking to intervene in this lawsuit is to evaluate the fairness of the Settlement. She maintains that the financial documents which Agentra produced during their mediation were insufficient for her to make a fair evaluation of Agentra's financial position. According to Abboud, if Plaintiffs' counsel received the same documentation and nothing more, then it is highly doubtful that this lawsuit was settled with sufficient financial information to represent that the terms were fair, reasonable, and adequate. Therefore, Abboud wishes to review any financial documents provided by Agentra that may have been used to support the Settlement, as well as any confirmatory discovery that Plaintiffs' counsel conducted before agreeing to settle. In order to facilitate her review those documents, she requests the Court to modify the protective order between Plaintiffs and Agentra (ECF No. 42) and designate her as a "qualified person" under the terms of that order. (*Id.* ¶ 6.)

The Third Circuit has explained that district courts have "discretion to employ the procedures that it perceives will best permit it to evaluate the fairness of the settlement." *In re Cmty. Bank*, 418 F.3d at 316 (citations omitted). Given the circumstances of this lawsuit, the Court finds that it is appropriate for Abboud's counsel to review the financial documents relied upon by Plaintiffs' counsel in reaching the Settlement. Therefore, the protective order will be modified to accommodate such a review.

---

[6] In light of this conclusion, the Court need not discuss Abboud's alternative argument regarding permissive intervention.

IV. **Conclusion**

For these reasons, Abboud's motion to intervene (ECF No. 128) will be granted. An appropriate order follows.

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge